MASON, ET AL. v. WATTS.

7    703
95   159

1. When an execution against two is placed in a sheriff's hands for collection he cannot discharge himself from a rule, suggesting that he could by due diligence have made the money, by showing that the plaintiff had previously released one of them.

2. The sheriff can excuse himself from such a rule by showing that the defendants had no property out of which the money could be made ; and this after levy, if he has returned the property to the true owner.

3. The omission to return a claim bond and affidavit does not *per se*, make the sheriff liable for the value of the property levied on. Even when he takes a defective bond he may discharge himself, by showing, that the defendants were not the owners of the property levied on, and that it has been returned to the true owner.

Writ of error to the Circuit Court of Wilcox.

Motion, under the statute, by Watts, against Mason and others, as the securties of Jonathan M. Hill, sheriff of Wilcox county, for judgment against them, upon a suggestion that the said Hill, by the use of due diligence, could have made the money upon a certain execution placed in his hands for collection, issued at the suit of Wills, against the goods and chattels, &c. of William S. and Joseph W. Patton.

Upon the trial of an issue taken upon this suggestion, the plaintiff read to the jury the execution described in the rule, which had upon it the following entries, and none other, to wit : Rec'd, Dec'r 12, 1839.  J. M. Hill, sheriff.  Levied on a negro boy named Isaac, as the property of W. S. Patton, to satisfy this and other executions in my hands against said defendant.  Property pointed out by W. S. Patton, Dec. 12, 1839. J. M. Hill, sheriff, by W. D. Burt, deputy.  It was proved, however, that Joseph W. Patton pointed out the property.  It was also shown that the slave had been levied on as the property of W. S. Patton.  It was also shown that the slave was claimed by one Benjamin B. Patton, who made an affidavit and executed a blank piece of paper, to be filled out as a claim bond ;

on this, the slave was delivered to him. No affidavit or claim bond, was returned by the sheriff to the Court, nor was it known what had become of the papers at the assertion of the claim. The defendants proved, that before the levy of the excution on this slave, the plaintiff had discharged Joseph W. Patton from the execution, in consideration that he would do every thing in his power to make the money out of the other defendant; this was proved to have been done, and that the discharge was absolute.

It was also shown, that neither the plaintiff, or his attorney, or any agent for him, resided in Wilcox county. There was also proof, conducing to show, that the slave, for two years preceding the levy, and ever since, did not belong to either of the defendants, but that it did belong to Benj. B. Patton.

On this state of proof the Court instructed the jury—

1. That the discharge of Joseph W. Patton, by the plaintiff, did not impair his right to prosecute this rule.

2. That the sheriff and defendants could not discharge themselves by showing, that the slave levied on did not belong to the defendants in execution.

3. That the sheriff having made the levy, he was bound to notify the plaintiff, his attorney, or agent, that he required indemnity before he could discharge the levy.

4. That unless a claim had been put in, under the statute, and the papers returned by the sheriff to the Court; or unless he had demanded indemnity, and failed to get it within ten days, he and his sureties were liable in this case, for the value of the slave levied on.

It was shown, during the trial, that at the time the said claim was asserted by Benjamin B. Patton, he told the principal sheriff that the slave belonged to him, and to this the sheriff replied, that he knew the slave was his property.

The defendant excepted to these charges, and they are now assigned as error.

Bethea and Sellers, for the plaintiff in error, cited 3 Cowen, 376; 20 John. 153; 1 Chitty's Plead. 546; 1 Am. Dig. 119; Smith v. Locke, 4 Ala. Rep. 290, as to the first charge; and 5 S. & P. 441, as to the fourth charge.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—1. On the first instruction, given in this cause to the jury, our opinion is the same as was that of the Circuit Court. It is not material to the sheriff or his sureties to inquire, whether both, or but one of the defendants in execution yet remained the debtor of the plaintiff. This is not a suit where the attempt is made to recover from the sheriff a debt for which the defendants in execution have been discharged; therefore we lay that entirely out of view. So far as the sheriff is concerned, the agreement between the plaintiff and one of the defendants in execution, and his discharge, that is entirely personal.

2. The other charges involve but one general principle, which is, whether a sheriff is liable upon this suggestion, when he is prepared to show that the defendants in execution had no property out of which the money could rightfully be made. This question was, to some extent, considered in Leavitt v. Smith, decided at the last term. Our opinion then intimated, was, that the sheriff could excuse himself, by showing that the defendant in execution had no property in the goods levied upon. The reason for this is, that the sheriff, by making a levy on the goods of a third person, becomes a trespasser, and being so, the law does not impose on him the duty of holding the goods, after he has ascertained their true ownership. The statutes in relation to indemnity bonds, were enacted to relieve sheriffs from their common law liabilities, to the extent which the acts provide for. It is possible, too, that their effect may be, to cast on the sheriff, who refuses to levy after a bond is tendered, the *onus* of showing that the debtor was not the owner. Otherwise they do not seem to either impose additional duties, or affect his common law liabilities.

3. When a claim is interposed under the statute, as it may be when the goods of a stranger are levied on, the sheriff has nothing further to do with the property claimed; nor has the claimant any redress against him for the supposed trespass, in making a levy. The plaintiff in execution immediately, and by force of those proceedings, becomes an actor against the claimant, and may take the necessary steps, by rule or otherwise, to compel the sheriff to return the necessary papers.

4. Nor is it unlikely, if a loss results, either by being cast in costs or otherwise, from the neglect to retain the affidavit of

claim, and the bond executed by the claimant, that the sheriff will be liable in an action on the case; but the taking a defective bond, as was the case here, does not, either by itself, or coupled with the omission to return it, make the sheriff liable, *per se*, for the value of the property levied on.  *Prima facie*, he would be charged on account of his levy; but he could discharge himself, as in any other case of tortious levy, by showing that the defendant in execution had no property in the goods, and that the party from whom they were taken had been reinvested with the possession.  Bristol v. Wilsmore, 1 B. & C. 514, is conclusive to show that the owner of goods may retake them from the sheriff, even after a levy at the suit of another.  This being the law, it would act most oppressively if such an officer could not defend himself, by proof of the same facts which would defeat his action against the true owner, subsequently taking them from the sheriff; and which would render the sheriff liable, if sued in the first instance.

The judgment must be reversed, and the cause remanded.