# CRENSHAW v. HARRISON.

1. The sheriff is a mere executive officer, and is bound to pursue the mandate of the process in his hands, unless otherwise instructed by the plaintiff on record, or his attorney. But he cannot defend a rule for not making the money, on the ground that the plaintiff had agreed with the defendant to to set off a debt, when he has received no instructions from the plaintiff or his attorney to that effect.

Writ of Error to the Circuit Court of Lowndes.

Motion by J. and S. Crenshaw, (in whose favor there was a judgment for the use of Thomas Williamson against Caswell Garrett, A. Gilchrist and N. Cook,) against Harrison as sheriff of Lowndes, for having failed to make the money on the execution issued the 7th November, 1844, on said judgment.

At the trial it was admitted by the sheriff that the defendants in execution had a sufficiency of property in their possession in Lowndes county, whereof he could have made the money on the execution.

It was further proved, that on the 17th of November, 1842, Thomas Williamson assigned the judgment and execution to one Moseley, and bound himself to make good the transfer against all off sets; to this assignment the sheriff was a subscribing witness, and had notice thereof.

The sheriff then offered to prove by N. Cook, one of the defendants in execution, that Williamson was indebted to him in a sum equal to the amount of the execution, and had agreed with Cook, that his indebtedness should go in discharge of the execution. This evidence, by Cook, was objected to by the plaintiff, but it was admitted to the jury.

Upon this state of proof, the Court charged the jury, if this was an agreement, between Williamson, the plaintiff in execution, and Cook, one of the defendants therein, before the assignment to Mosely, that Williamson's indebtedness to Cook should go in discharge of the judgment against Garrett Gilchrist and Cook, and the jury should be satisfied, also, of a subsisting indebtedness from

Crenshaw v. Harrison.

Williamson to Cook, equal to the amount of the execution, then such an agreement would be a sufficient excuse to the sheriff for not making the money.

The plaintiff requested the Court to charge, that the matter of excuse offered by the sheriff, could not be inquired of, on this motion, and that the sheriff was bound to comply with the mandate of the execution, without reference to the agreement between Cook and Williamson. This was refused, and the plaintiff excepted to the several rulings of the Court. They are now assigned as error.

ELMORE, for the plaintiff in error, made the following points:

1. Cook was an incompetent witness, inasmuch as the delay of the sheriff was at his instance, and enured to his benefit.

2. The sheriff cannot be permitted to constitute himself an umpire in questions arising between the parties to an execution, and was bound to make the money independent of the agreement, unless instructed to omit it by the plaintiff. [Mason, et al. v. Watts, 7 Ala. Rep. 703.]

GOLDTHWAITE, J.—Without expressing any opinion, whether Cook was a competent witness for the sheriff, under the circumstances disclosed, we think the facts in evidence furnished no excuse to that officer for his omission to make the money. In Mason v. Watts, 7 Ala. Rep. 703, we held that the sheriff could not show a defence of his omission to make the money, that the plaintiff had released one of the defendants. Generally speaking, the sheriff is a mere executive officer, and is bound to pursue the mandate of the process in his hands, unless otherwise instructed by the plaintiff upon the record, or by his attorney; beyond this, it is possible he may be permitted to recognize the interest of a stranger, if that interest is admitted by the plaintiff on the record, or his attorney. But he is not authorized to constitute himself a judge, to determine questions of conflicting interests; to permit him to do so would lead to the greatest abuses. In the present case, it is not pretended that the plaintiff, or his attorney had given any instructions to the sheriff, which authorized him to recognize the agreement with Cook, as an executed contract. On the contrary, it may be inferred, that the sheriff was

informed of the assignment to Moseley, whose instructions it is quite probable, he afterwards was bound to follow.

The result of these considerations is, that the instructions given to the jury are erroneous.

Judgment reversed and remanded.