COWLES *vs.* TOWNSEND & MILLIKEN.

[ASSUMPSIT ON GUARANTY OF PROMISSORY NOTE.]

1. *Conflict of laws as to construction of contract.*—When a guaranty is
executed in this State, and the promissory note on which it is endorsed
is also payable here, the liability of the guarantor must be determined
by the laws of this State.
2. *When misrepresentations constitute fraud.*—A misrepresentation as to
the legal effect of a written contract, does not, *per se,* constitute a
fraud; nor is the other evidence in this case sufficient, in connection
with such misrepresentations, to establish a fraud, under the former
decision of the case, 31 Ala. 428.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by the appellees, and was
founded on the appellant's guaranty of a promissory note,
which was endorsed on the note, in these words: "I guar-
anty payment of the within," (signed,) " George Cowles."
The note was for $581 50, made by Rudler & Rockwell,
dated September 28, 1849, and payable eight months after
date, to the order of the *defendant,* (not the *plaintiffs,* as
stated in the former report, 31 Ala. 428,) at the office of· J.
S. Winter & Co., Montgomery, Alabama. No pleas appear
in the record. On the trial, as the bill of exceptions shows,

after the plaintiffs had read to the jury the note and guaranty on which the suit was founded, the defendant offered in evidence the depositions of Michael Rudler and Geo. W. Read, and a letter written by the plaintiffs to him, dated New York, November 15, 1849, which was in these words: "We have your esteemed favor of the 6th instant, with enclosures as stated. You will find enclosed, returned herein, the note for $581 50, which we must ask you, in accordance with our agreement, to guaranty, either specially on the back by endorsation, or by attaching a written guaranty. If on the back of the note, please endorse, 'I guaranty payment of the within'; if on paper attached, 'I guaranty to Townsend & Milliken payment of the note in their favor, made by Rudler & Rockwell, dated September 28, 1849, at 8 months, payable at office of J. Winter & Co., Montgomery, Alabama.' This is the proper form of guaranty, and does not give recourse against you by the holders of the paper, until they have gone to the end of the law against the payers. We are very much pleased with Mr. Rudler, and feel satisfied he will do all he can faithfully to administer the property. At the same time, your own business intelligence will suggest to you the propriety of requiring a compliance with the terms, as agreed on, of our credit to him." Michael Rudler was one of the partners of the firm of Rudler & Rockwell, and testified, that the note was not presented to them, at maturity, for payment; that the firm was then perfectly solvent, and the note, if not paid, might have been collected, or at least secured. His answer to the 6th interrogatory was in these words: "The agreement and understanding, under and by virtue of which George Cowles guarantied the payment of said note, was this: that the said Townsend & Milliken should not call upon him, until they had prosecuted Rudler & Rockwell to judgment or insolvency. The understanding was, that in the event of R. & R. not paying the note at maturity, Townsend & Milliken were to use all proper and lawful means to collect the same, before they had any right to call on said Cowles. This was the agree

ment, as I understood at the time, and ever since." Geo.
W. Read also testified to the solvency of Rudler & Rock-
well at the maturity of the note. " The defendant also
introduced one J. B. Gowen as a witness, who testified,
that before and at the execution of the said note by Rudler
& Rockwell, and before and at the time of the making of
the guaranty thereon by the defendant, the plaintiffs
resided in the city of New York, and were, and had been
for many years, merchants in copartnership in said city;
and that the defendant, before and at the making of said
note and guaranty, resided in Montgomery county, Ala-
bama." The plaintiffs then introduced the deposition of
one J. B. Cronin, who testified to the insolvency of Rudler
& Rockwell in the fall of 1851, and to his own unsuccess-
ful efforts, as an attorney, to collect from them the amount
due on the said note; and a letter written by the defendant
to the plaintiffs, dated Montgomery, December 1, 1849,
which was in these words: "Enclosed you have Rudler & :
Rockwell's note, signed as requested. I shall probably
have some funds in my hands, belonging to Rudler; in a
short time; if so, I shall remit it without delay." This
being all the evidence in the cause, the court excluded from
the jury, on the plaintiffs' motion, the plaintiffs' letter to
the defendant, above-copied, and the answer of the witness
Rudler to the 6th interrogatory; and then instructed the
jury, " that if they believed all the evidence in the cause to
be true, they must nevertheless find a verdict for the plain-
tiffs." To both of these rulings of the court the defendant
excepted, and he now assigns the same as error.

WATTS, JUDGE & JACKSON, for the appellant.
GOLDTHWAITE, RICE & SEMPLE, contra.

STONE, J.—The note, on Mr. Cowles' guaranty of
which this suit is based, is, on its face, payable at Mont-
gomery, Alabama; and is, therefore, as to its binding stipu-
lations, governed by the laws of Alabama.—Kittrell v.
Evans, 33 Ala. 449. The letter of Townsend & Milliken

to Mr. Cowles, dated November 15th, 1849, and the reply of Mr. Cowles, dated December 1st, 1849, (both of which were in evidence, and are copied in the record,) show that Mr. Cowles executed the guaranty in the State of Alabama. His liability, then, must be governed by the laws of Alabama.

When this case was before in this court, (31 Ala. 428,) the same evidence on the question of fraud in procuring the guaranty was in the record, as is found in this record, with the exception of the testimony of Mr. Gowen, after noticed. Speaking of that evidence, we said, it "should have been admitted; and if no other evidence on the point was adduced, the court should, when the evidence was closed, have excluded it." The testimony of the witness Gowen was to the effect, that before and at the time of the execution of the guaranty, the plaintiffs were merchant copartners in the city and State of New York, and the defendant a resident of Montgomery, Alabama. These facts can exert no influence upon the questions of either law or fact, as presented by this record.

The rulings of the circuit court were in strict conformity with the opinion of this court on the former hearing, and its judgment is consequently affirmed.