## HALL *vs.* PERRYMAN.

[ACTION BY SHERIFF TO RECOVER COSTS AND EXPENSES INCURRED IN KEEP-
ING PROPERTY SEIZED IN DETINUE SUIT.]

1. *Detinue; sheriff's authority over property seized in.*—The sheriff has no authority to retain possession of a steamboat, seized by him under an order in a detinue suit, for a longer time than ten days. (Rev. Code, §§ 2593, 2594.)

2. *Same; liability of a plaintiff in.*—The plaintiff in such detinue suit

having insisted, through his attorney, upon the detention of the boat by the officer for a longer time than ten days, upon the ground of its being such officer's legal duty to do so, carefully abstaining from making any personal request, did not thereby make himself liable to said officer for keeping the boat for a longer time than ten days, and a charge asserting that he was liable, under this state of facts, was properly refused.

APPEAL from the City Court of Mobile.

Tried before Hon. H. CHAMBERLAIN.

THIS action was brought by G. B. Hall, against E. S. Perryman, and sought to recover the costs and expenses incurred by the plaintiff, while sheriff of Baldwin county, in keeping possession, as such sheriff, of the steamboat James Battle, and was commenced on the 6th January, 1865. The bill of exceptions shows, that on the 6th May, 1861, a suit in detinue was brought by the defendant Perryman, to recover possession of the steamboat James Battle, against James & Greer, in the city court of Mobile ; that said steamer was then lying at Fish river, in Baldwin county; that the writ, with the proper endorsements thereon, (bond having been given and affidavit made,) was placed in the hands of the plaintiff, the sheriff of Baldwin county ; that he seized the boat and put two hands upon her for her safe keeping, and went to great expense in keeping said boat, and that he kept her for 235 days ; that afterwards the detinue suit was dismissed upon payment by said Perryman of the costs, $30 60, which sum did not include any expenses for keeping the boat ; that plaintiff, after the lapse of five days from the time he seized the boat, requested James & Greer to bond the boat, in pursuance of the provisions of the Code in detinue cases, and they refused to do so, and after the lapse of ten days from such seizure, he requested said Perryman to bond her in like manner, and he refused to do so ; that plaintiff sent an order to defendant for provisions for the hands that were keeping the boat ; defendant refused to furnish any; he then went to defendant to know what he should do with the boat; defendant refused to give him any instructions, but referred him to his attorney, Mr. S. "The testimony," as the bill of exceptions states, " given by the plaintiff himself, tended to

show that said S., as the attorney of Perryman, insisted that a proper construction of the act of 1861 required plaintiff to keep the boat, and that if he released her from custody, he would endeavor to hold him responsible; but the evidence of J. H., the plaintiff's attorney, tended to show that said S. only told plaintiff that he must ascertain the law for himself; that as the attorney of Perryman, he would yield none of his rights, and that if he turned the boat loose, or she was lost through his act, or carelessness, he would endeavor to hold him (plaintiff) liable; that S. only insisted that he would assert all of Perryman's rights, whatever they might be." The plaintiff asked the following charge, which was refused: "That if there was a doubt as to the construction of the act of 1861, and the plaintiff in said detinue suit insisted upon the sheriff's holding the boat during the time he did, and threatened to hold him liable if he let her go, and the sheriff did so keep her at his instance, no one demanding her on the part of the defendants, then this defendant, on the dismissal of his detinue suit, would be liable for the time she was so held." To the refusal to give this charge plaintiff excepted. There were other charges given by the court, to which exceptions were taken. The plaintiff appealed, and assigned as error the rulings of the court on the charges given, and in its refusal to give the charge asked.

DARGAN & TAYLOR, for appellants.

J. L. SMITH, contra.

A. J. WALKER, C. J.—1. The plaintiff having seized the boat under an order in a detinue suit, could not legally have retained the boat for a longer time than ten days. The provisions of the Code are plain to that effect.—Revised Code, §§ 2593, 2594. The law upon the subject is not affected by the act of 8th February, 1861, or of 10th December, 1861.—Pamphlet Acts, Called Session of 1861, p. 3; Pamphlet Acts, Regular Session of 1861, p. 33.

2. The charge requested would have made the defendant liable for keeping the boat longer than ten days, upon the ground that he " insisted" upon the detention of the same

for a longer period. Now, there was evidence conducing to show that the defendant, through his attorney, "insisted" upon the plaintiffs keeping the boat, upon the ground of its being his legal duty to do so, carefully abstaining from making any personal request. The charge requested would have subjected the defendant to liability upon this state of facts. Both parties must be presumed to know the law, and no liability to action at law could arise from any erroneous statement of the law, or definition of duty under the law, or insisting upon a line of conduct as a legal duty, when, in fact, it was not.—*Townsend & Millikin v. Cowles,* 31 Ala. 428; *S. C.* 37 Ala. 77.

Affirmed.