# Gay *v.* Burgess *et al.*

### Action on Sheriff's Bond.

1. *In an action against an officer, the actual injury is the measure of damages.*—In the absence of a statute inflicting a greater penalty, it is a general rule, in an action against an officer for neglect or other misconduct, the actual injury sustained is the measure of damages.

2. *An officer, who neglects a plain duty, becomes a trespasser ab initio.*— If a statute imposes a plain duty on a sheriff to deliver property to the party from whom it was taken, on failure of the plaintiff in a detinue suit to give the bond within the prescribed time, he has no discretion; and if he does not return the property, or delivers it to another person, he is guilty of trespass *ab initio*, and is liable on his official bond.

3. *In such a case, he cannot plead the title of the plaintiff.*—In such a case, he cannot set up the title of the plaintiff in the detinue suit, to prevent the recovery of damages for failure to restore the property to the defendant.

APPEAL from the Circuit Court of Etowah.
Tried before the Hon. WM. L. WHITLOCK.

This action was brought against the defendant, sheriff of Etowah county, and the sureties on his official bond, for neglect of duty.

It was shown on the trial that one W. P. Hollingsworth brought an action of detinue on the 9th of April, 1875, against N. W. Gay, the plaintiff in this suit, for the recovery of a bay mare. On the summons and complaint was this endorsement: "Came to hand · 9th October, 1875—T. J: Burgess, Sheriff, per S. D. Rumsey, D. S., executed the within by handing the defendant a copy of the original, and taking possession of the within described property; the defendant having failed to give bond as required by law. This 16th day of October, 1875. T. J. Burgess, Sheriff, per S. D. Rumsey, D. S." The plaintiff then proved that the mare was taken from his possession; that as the defendant in the suit he declined to give bond for the forthcoming of the property, and that the said Hollingsworth (then plaintiff) did not, within ten days from the seizure of said property, by said sheriff, under the writ of detinue, give the bond necessary "to authorize the sheriff to deliver the mare to him, and that the said Hollingsworth never did at any time give the required bond." "The plaintiff also proved that the defendant (Burgess), as sheriff, failed and refused to return said mare to plaintiff in this suit when demanded in 1876 by the plaintiff in this suit, and that he has never restored the mare to the plaintiff. The value of the animal was also proven by the plaintiff.

The defendant introduced as a witness the said W. P. Hollingsworth, and against the objection he was permitted to testify that the said mare was the property of the said witness. To this action of the court the plaintiff excepted. Other evidence of the title of the said Hollingsworth to the said property was admitted against the objection of the plaintiff. To this ruling of the Court he also excepted.

In rebuttal, the plaintiff introduced the judgment of the Court in the case of *Hollingsworth v. Gay.* It is in these words: Circuit Court of Etowah county. Fall term, 1875.

This day came the parties, by their attorneys, and issue being joined, thereupon, came a jury of good and lawful men, to-wit: Francis M. Burk and eleven others, who, being duly elected, empannelled, sworn and charged according to law, upon their oaths do say: "We, the jury, find the issues in favor of the defendant, and assess the value of the mare · sued for at the sum of thirty-five dollars, and assess the ·

damages for the detention thereof by the plaintiff at the sum of twenty dollars.

"It is therefore considered by the Court that the defendant have and recover judgment against the plaintiff for the mare described in his complaint, to-wit : A bay mare, about six years old, or the sum of thirty-five dollars as the alternative value of the said mare, by the said jury, so assessed together, with the said sum of twenty dollars, damages by said jury assessed as aforesaid, and the costs of suit. It is further ordered by the Court, that if said mare is not delivered by the plaintiff to the sheriff of Etowah county, and by him placed in possession of the defendant, within thirty days from the date of this judgment, then let execution issue for the said assessed value of said mare, together with the said damages for the detention thereof, and the costs in this behalf expended."

Among other things, the Court charged the jury "that if they believed from the evidence that the said mare in this complaint mentioned belonged to W. P. Hollingsworth, or any other third person, then the plaintiff cannot recover." And the plaintiff excepted. "The Court also charged the jury that they had nothing to do with the record of the trial of the cause between *Hollingsworth v. Gay*, which had been read to them." And the plaintiff excepted.

M. J. TURNLEY for the appellants.—1. The ownership of the property was not in issue, and the testimony of Hollingsworth on this matter was irrelevant and illegal, and should have been excluded from the jury.—1 Brick. Dig., p. 887, § 1189.

2. The objection to the introduction of the paper read by the defendants ought, for the same reason, to have been sustained.

3. The charge of the court, which withdrew from the jury the record of the recovery by Gay of the mare against Hollingsworth, was erroneous. Illegal and irrelevant evidence had been admitted against the plaintiff, and he had a right to show the record of that trial in rebuttal.

4. The charges by the court, at the request of the plaintiff, did not cure the errors committed by the court in the admission of illegal evidence, or obviate the injury inflicted by it. The charges of the court, taken altogether, were contradictory, and tended to mislead and confuse the jury.

W. B. MARTIN for appellees.—1. The action of the plain-

[Gay v. Burgess et al.]

tiff is misconceived; in other words, no action can be maintained against the sheriff and his sureties on his official bond for the cause of action set out in the complaint, and the court should have sustained the demurrer.

2. The sheriff rightfully took the property into his possession, and, if he converted it into his own use, he would have been liable in another form of action. His sureties were not liable on his official bond.

3. When the law creates a liability, and fixes a penalty, and provides the manner of its recovery, no other mode can be adopted. For a failure to return the bond mentioned in section 2946 of the Code, the law points out the remedy, and that is by motion. The plaintiff avers that the sheriff failed to take a bond from Hollingsworth in the detinue suit. If this be true, then he could return no bond, and the liability was fixed and the remedy pointed out.

4. The charge of the court *mero motu* was not erroneous, but was given in view of the testimony and not calculated to mislead the jury.

5. The court did not err in the admission of the testimony of Hollingsworth and the receipt of Gay, in which he promised to return the property to Hollingsworth, the plaintiff in that suit.

BRICKELL, C. J.—A sheriff, who has seized property under an order in a detinue suit, by the express words of the statute, is bound, on the expiration of ten days from the seizure, if the plaintiff in the suit fails to take it into possession by the execution of a forthcoming bond, to restore it to the possession of the defendant. Code of 1876, §§ 2942–43; *Hall v. Perryman*, 42 Ala. 122. The duty of obedience to the order of seizure, and of restoration, in the event of the failure to execute the forthcoming bond, are equally imperative, and are each official. A failure to perform either duty is a misfeasance, involving the sheriff and his sureties on his official bond in liability for the damages the party aggrieved may sustain.—*Governor v. Hancock*, 2 Ala. 728; *McElhaney v. Gilleland*, 30 Ala. 183; *Kelley v. Moore*, 51 Ala. 364.

The admissibility, and the effect of the evidence if admissible, that the ownership of the property was in the plaintiff in the detinue suit, is the important question of this case, and must control its final determination. As a general rule, in an action against an officer for neglect or other misconduct, the actual injury sustained is the measure of damages. Sedgwick on damages (6th Ed.) 634. A plaintiff in

execution, seeking to charge a sheriff for a failure to sell property on which he has levied, is not entitled to recover beyond the value of the property, unless a statute inflicts as a penalty a larger recovery. And it is competent for the sheriff to defeat a right of recovery by proof that the defendant in execution had no vendible interest in the property, or that it was in fact the property of a stranger and not subject to the execution.—*Mason v. Watts*, 7 Ala. 703. Compensation for the injury sustained is generally the measure of right, and in cases of the character to which we are referring, it is permissible to show the value of the property, that the extent of the injury may be ascertained, or by showing the want of interest in the defendant in execution, to negative the existence of injury. But this case does not fall within the principle which controls that class of cases. A positive duty enjoined on the sheriff by the statute is the restoration of the property to the possession of the defendant, if the plaintiff fails for ten days to give bond for its forthcoming. The seizure of the property, depriving the defendant of possession, which is *prima facie* evidence of ownership, before a trial and judgment against him, is an extraordinary remedy. Protection to him against its abuse, the statute carefully secures. The order of seizure cannot be made by the clerk until the plaintiff first makes affidavit that the property belongs to him, and gives bond with surety for the payment of all such damages and costs as the defendant may sustain from the wrongful complaint, if the plaintiff fails in the suit. The defendant has for five days the prior right to give bond for the forthcoming of the property to answer the judgment. This right must be lost by the expiration of the five days before the plaintiff can obtain possession by the execution of a forthcoming bond, and he can obtain it lawfully only by the execution of such a bond. If he fails to give the bond for five days, after the expiration of the five days allowed the defendant, "the property must be returned to the defendant," are the words of the statute. The sheriff has no greater right to retain it, after the expiration of that period, than he had in the first instance to seize and take it from the possession of the defendant without the order of seizure, or without any process which would justify its taking. The duty imposed by the statute is plain and simple— it is restoration of possession to the defendant. The sheriff has no option, and it is not his province to inquire, nor has he authority to determine who is the owner, whether plaintiff or defendant. Indulging such inquiry and exercising

[Gay v. Burgess et al.]

such authority, he could, because he believed the defendant was the owner, have refused to execute the order of seizure. What is the measure of recovery, in an action by the plaintiff for neglect or failure to execute the order of seizure, is not a proper test of the measure of recovery by the defendant for a failure to restore possession. The sheriff is without authority to detain the property from the defendant. That order has expired, and he stands to the defendant, after a demand of restoration, in the attitude of a trespasser, especially when he has, in violation of the statute, delivered the property to the plaintiff without bond. The bond from the plaintiff is the security the statute affords the defendant for the restoration of the property, if there is judgment in his favor in the detinue suit. It is not for the sheriff to deprive him of this security, or to determine that he must fail in the suit, and therefore it would not profit him. When the sheriff refused to restore possession of the property to defendant, and delivered it to the plaintiff, he overstepped and abused the authority with which the law entrusted him, and was guilty of a wrong under color of his office, and must be regarded as a trespasser *ab initio.*—Six Carpenter's case, 1 Smith's Lead. Cases and notes 216 ; *McMichael v. Mason,* 13 Penn. St. 214 ; *Russell v. Hanscomb,* 15 Gray 166 ; *Brackett v. Vining,* 49 Me. 356. It would be against the policy of the law to suffer him to escape from the consequences of the wrong, by setting up the title of the plaintiff in the action of detinue, with which only the wrong connects him. If the defendant shall recover of him the value of property of which he is not the real owner, he has involved himself in the loss by his disobedience of the statute and a wanton abuse of the authority of the law. The court erred in receiving evidence of the title of the plaintiff in the action of detinue, and in its first instruction to the jury. The matter of the remaining assignment of error will not probably be involved on another trial.

Let the judgment be reversed and the cause remanded.