# Thorn *v.* Kemp.

*Action for Damages against Constable, for Breach of Official Bond.*

1. *When proceedings in justice court competent evidence in action on constable's bond.*—When an action is brought in the Circuit Court, against a constable and his official bondsmen, for failure of constable to turn over property to party entitled, that had been levied on by the constable in an action of detinue in justice court, the affidavit, summons and complaint and detinue bond are competent evidence for the plaintiff.

2. *Objection to question not answered.*—An exception based on an objection to a question asked that appears not to have been answered, or if answered, was afterwards, excluded, is not well taken.

3. *Witness placed under the rule.*—Where a witness has been placed under the rule, and comes back into the court and listens to the evidence, it is in the discretion of the court whether he be permitted to testify in the case; and, the ruling of the court on the subject is not a subject of review in this court.

4. *Levy on property not shown by the return.*—The return of the sheriff is not conclusive as to any matters in respect to which it is silent; if property is levied on, which is not mentioned in the return,

27–98.

the fact may be shown by extrinsic evidence, in a proceeding against the sheriff involving the property actually levied on.

5. *Burden of proof in action at bar.*—In the case at bar, the burden is on the plaintiff to maintain the averments of his complaint; had plaintiff sued in detinue, trover or trespass, proof of actual possession, or of a right to immediate possession, and the seizure of the property by the constable, would have authorized a recovery.

6. *Getting possession of property by breach of the peace.*—No man can obtain possession of property in the actual possession of another against his will by a breach of the peace, and then justify under a superior right or title.

7. *Same.*—Nor can a private person, or legal officer, by the forms of law, obtain possession of property in the possession of another under the claim of ownership, and after getting possession under legal process, abandon the legal process and set up an independent superior title.

8. *Measure of damages.*—A person who wrongfully takes property from the possession of another, against his will, is liable in damages to the full value of the property taken; where peaceable possession is taken under color or claim of right, the damages for its detention or conversion is the actual damages sustained; and in the latter case, the defendant may set up a superior outstanding title in another, if he can connect himself with it

9. *Abstract charge.*—A charge predicated upon an hypothesis not supported by any evidence in the cause, is abstract.

10. *Charge misplacing the burden of proof.*—In an action against a constable and his bondsmen for misfeasance in failing to return property levied upon in a detinue suit, to the defendant, upon failure of plaintiff to give a bond therefor, a charge which asks that if the evidence fails to reasonably satisfy the jury that the writ of detinue came into the hands of the constable before he seized the property in question, that their verdict should be for the defendant, misplaces the burden of proof.

APPEAL from Butler Circuit Court.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Samuel Parker and A. A. Kemp against Samuel A. Brunson, a constable, and the sureties on his official bond, and was commenced on the 20th of March, 1889. The complaint alleged that said Brunson was a constable for Beat No. 14, of Butler county, that on the 29th of January, 1889, one W. R. Larkin, as the assignee of Joseph Touart, brought an action of detinue before John R. Stoll, a justice of the peace of Beat 14, against the said Samuel Parker and A. A. Kemp, and having made affidavit and given bond, as required by law, a writ of detinue was issued by said justice and placed in the hands of the defendant, Brunson, to be levied on the following property, claimed by said Larkin, viz: a chestnut mare, Rhody, fifteen hogs, one log-cart, chain and fixtures; that said Brunson, on the same day, levied said writ upon, and took into his possession, one log-cart, chain and fixtures, named in the complaint, that the defendants in that suit failed to re-

plevy, and the plaintiff failed to execute a forthcoming bond within the time allowed by law, whereupon the defendants made demand upon said Brunson for a return of said property, but that he failed and refused to restore it, and the same was lost to them. The suit was for damages, laid at the value of the property alleged to have been thus lost to plaintiffs. Issue was taken on this complaint at the Spring Term, 1891, and there was a judgment in favor of the plaintiffs for $77.00. On the trial, the plaintiffs offered in evidence a copy of a bond, purporting to be the official bond of Samuel A. Brunson, as constable of Beat 14, Butler county. The defendants each separately objected to the introduction of this copy in evidence, (1), because it was secondary evidence; (2), because it was inadmissible under the state of proof then before the court; (3), because it was illegal evidence; (4), because the original, or a certified copy was the better evidence. Thereupon Powell, counsel for plaintiffs, stated that the paper was an exact copy of the recorded bond, and offered to get the original record. Counsel for defendants then offered to withdraw objection to its admission if Powell knew it was a correct copy; and, made no further objection. The plaintiffs offered in evidence what purported to be copies of a detinue summons and complaint; there was evidence that they were true copies of the originals, which were shown to be lost or destroyed. The defendants objected to these being offered in evidence, on the same grounds urged against the copy of Brunson's bond. Copies of the affidavit and bond in the detinue suit were offered and objected to in like manner, and on same grounds. Plaintiffs offered in evidence the docket of justice Stoll, relating to said detinue case, in his court. Among the entries on said docket, was one entered Feb. 25, which was as follows: "The plaintiff amends his complaint by striking out one log-cart, and chain, and one chestnut sorrel mare, named Rhody; and case continued;" afterwards, April 6, This entry appears on said justice's docket in said cause: "Motion to amend by striking off the entry as to levy on cart and fixtures. Motion granted." The witness Parker, one of the plaintiffs, testified to the value of the property taken by Brunson, and the price it brought at a sale by him. This witness was asked by plaintiff's counsel if any body forbade the sale of the cart at said sale? This question was objected to by defendants on the grounds that it was illegal and irrelevant. The bill of exceptions states that it was excluded.

The defendants offered in evidence a mortgage upon the

property in controversy, executed by A. A. Kemp and Samuel Parker, the plaintiffs, to Joseph Touart, on the 3rd of September, 1888, and showed by a witness, W. W. Rye, that said witness was present with Brunson when the latter took possession of said cart, chain and fixtures, under said mortgage ; that Brunson had no other papers ; that this was on the 23rd of January, 1889.

The defendant, Brunson, testified, that he took the cart under the mortgage made by Parker and Kemp to Touart ; that he did not take the cart, chain or fixtures under a writ of detinue ; that the writ of detinue did not come into his hands until after he had taken the cart under the mortgage, and carried it to Georgiana ; that the return on the writ of detinue was not made nor signed by him, but was made by the justice, Stoll, and had, upon his application, been amended ; that, at the time Powell made demand on him, witness, for the cart, chain and fixtures, they were not in his possession, but had been turned over to Larkin, for whom he had taken them under the mortgage. The bill of exceptions states, that Larkin, was put on the stand as a witness for defendants, and his examination began just before the adjournment of the court, in the evening ; that the next morning, another witness was examined, while said witness, Larkin, who was under the rule, remained in the court room, and heard the evidence of this other witness. That Larkin was about again to be examined by the defendants when the plaintiffs objected, and the court refused to allow him to be examined.

There was other evidence offered by the plaintiff that Brunson called twice for the cart at the house of Parker and was told that he could not get it, that it was chained to a tree ; that he called the third time and had with him a writ of detinue which he read to Mrs. Parker, Mr. Parker not being present, and took the cart loose from the tree and carried away the chains against the objection of Mrs. Parker.

Many charges in writing were asked, both by the plaintiffs and the defendants. Among the charges asked and refused, and upon which errors are assigned, are the following, requested by the defendants :

1. "The court charges the jury that, if they believe from the evidence that Brunson made an application to the court which issued the detinue writ to amend his return, and if they further find that upon such application, and after hearing the evidence on said application, such justice allowed such application, and allowed the constable to amend said return by striking out the entry as to levy

[Thorn v. Kemp.]

on cart and fixtures, then they must find that such return, as amended, speaks the facts and the truth as to such transaction."

2. "The court further instructs the jury, that the privilege which is given to an officer to amend his return, is upon the principle that the truth of the facts ought to appear of record, and the officer having been mistaken in regard to them ought to be permitted to amend his return."

3. "The court further charges the jury, that the statements of the written record of the justice, Stoll, is, in this case, conclusive, and can not be here contradicted, but should be considered by you as it appears in the writing of Justice Stoll."

4. "The court further charges the jury, that if the evidence fails to reasonably satisfy you that the writ of detinue came into the hands of Brunson before he took the cart, your verdict should be for defendants."

6. "The court further charges the jury, that the statements of the written record of Justice Stoll is conclusive as to what was done in the case before him, and when in said court the complaint was amended, and the log cart and chain were stricken out, the log cart and chain were no longer in said suit, and the case stood as if the suit had at first been brought without putting the log cart and chain therein."

8. "The court further charges the jury, that if the plaintiffs have failed to satisfy you, with reasonable certainty, that defendant Brunson did not take the cart under the mortgage, your verdict should be for defendants."

9. "The court further instructs the jury, that if the plaintiffs have failed to show that within five days from the taking of the property Parker and Kemp failed to give bond for same, and further show that within ten days plaintiffs failed to give bond for same, then the plaintiffs can not recover."

10. "The court further charges the jury, that the presumption of law is that the officer did his duty, and this presumption is overcome only by clear and convincing proof that he did not do his duty."

Each of these charges was refused; the defendants excepted, and upon this appeal assign the rulings of the court thereon as error.

J. C. RICHARDSON, for appellants.

GAMBLE & POWELL, for appellees.

HARALSON, J.—1. The objection to the introduction of the official bond of the constable, Samuel A. Bronson, was withdrawn by the defendant, as the record shows, and it was read without objection. After this, an assignment of error can not be predicated on its introduction.

2. The affidavit, the detinue bond and the summons and complaint in the justice's court, were competent evidence for the plaintiff, as their proof tended to establish the allegations of the complaint, and if not objectionable on other grounds, were properly allowed to be read.

The objection to the affidavit and bond on the ground that copies and not the originals were produced, is not well taken, since the record shows the *originals* were read, the recital being, "Plaintiffs then offered in evidence the affidavit and bond in detinue in justice's court."

3. The objection to the summons and complaint can not be sustained. The bill of exceptions states, "There was evidence of the loss or destruction of the originals of said instruments, preliminary to their admission in evidence; and that they were correct copies of originals was also in evidence." What this evidence was we are not informed; but, if what is stated is true, the ruling admitting the copies in evidence was free from error. We are bound to presume there was sufficient evidence to sustain the ruling of the court.

4. D. M. Powell, one of plaintiff's attorneys, testified as a witness, that the copies of the detinue, summons and complaint in the justice's court, which were offered in evidence by the plaintiffs, were pencil copies made by him of the papers, which he received while he was attorney for Parker & Kemp, in the case before the justice, and that his recollection was that said copies were correct, copies of the papers he had; that after he made copies the papers were used in the suit before J. S. Van Pelt, a justice of the peace, at Georgiana, and that after the suit he never saw them any more.

The objection to the admission of this evidence was that it was illegal, not to its sufficiency. It was certainly legal as far as it went, in connection with other evidence, as tending to show the loss of the originals, and that the copies he was deposing to were correct copies. Besides, the bill of exceptions states that this witness gave other testimony as to the original detinue, summons and complaint without stating what it was.

5. The exception on which the 5th assignment is based is groundless, because the question to the witness, Parker,

objected to by defendants, does not appear to have been answered; but, if answered, the bill of exceptions states, immediately following the reservation of the exception,—said evidence was afterwards excluded from the jury.

6. There was no error in refusing to allow the witness, Larkin, to be examined. He was placed under the rule and afterwards came into the court-room and listened to the evidence. It was a matter of discretion with the court to allow him, after this, to testify, or not, and its ruling on the subject is not a subject of review.

7. We held in *Gay v. Burgess*, 59 Ala. 578, that, "A sheriff who has seized property under an order in a detinue suit, by express words of the statute, is bound on the expiration of ten days from the seizure, if the plaintiff in the detinue suit fails to take it into possession by the execution of a forthcoming bond, to restore it to the possession of the defendant (Code 1886, §§ 2717 (2942), 2718 (2943); *Bell v. Perryman*, 42 Ala. 122), and that the duty of obedience to the order of seizure, and of restoration, in the event of the failure to execute the forthcoming bond, are equally imperative, and are each official. A failure to perform either duty is a misfeasance, involving the sheriff and his sureties on his official bond in liability for the damages the party aggrieved may sustain."

8. The docket of the magistrate introduced in evidence, showed that the cause was continued from the 11th day of February,—the day on which the summons and complaint in detinue were returnable,—until the 25th of February (1889), on which date the following entry appears on said docket: "The plaintiff amends his complaint, by striking out one log cart and chain and one sorrel mare, and case continued until the next term of court." The complaint contained other personal property besides that stricken out.

The cause, as shown from the entries on the docket, was then continued until the 6th April, when the following entry appears: "Motion to amend by striking off the entry as to levy on cart and fixtures, granted." This motion does not appear to have been made by the constable, and since no one has the right, generally, to make a motion in a cause, except one of the parties, in the absence of anything else, we would presume the plaintiff made it. Yet, it may have been done in the interest of the constable, and the proof tends to show that fact. The complaint had been amended by the plaintiff, as we have seen, by striking out the log cart and chain from it, and there remained nothing then for the levy, as to them, to rest on, and the cause stood in court

[Thorn v. Kemp.]

without a complaint for, and a levy on, the property about which this suit is brought. The constable appears, so far as this present action is concerned, therefore, with no levy, as a matter of record, in the detinue cause. If the proof shows that he levied on the property, and made no return on the writ, it can not be allowed, as contended by defendant, that the plaintiff can not prove by parol evidence that the levy was in fact made. In *Henley v. Rose*, 76 Ala. 376, we said, "A defendant in attachment has no control over the return which the officer may make, and can not be prejudiced by his omission or neglect. The return is not conclusive as to any matters in respect to which it is silent. If a sheriff levies upon and seizes property, which he fails to mention in his return, the fact may be shown by extrinsic evidence, in a proceeding against the sheriff, in which the question of what property was actually levied on, is involved."—*Jefferson Co. Sav. Bank v. Eborn*, 84 Ala. 535.

9. To recover under the complaint in this case it is necessary to sustain the averments as laid. The plaintiff must show the seizure of the property under the detinue writ, and the failure of the plaintiff in the detinue suit to give the bond, required by the statute to entitle him to the possession, and the failure of the constable to restore the property to plaintiff. In this form of action, the burden is on the plaintiff to show the breach of the condition of the constable's bond as averred in the complaint. Failing to meet the burden, the plaintiff can not recover. It would be different, if plaintiff had sued in detinue or trover, or for a bare tresspass. In this action, proof of actual possession or ownership and the right of immediate possession, and the seizure of the property by the constable, would have authorized a recovery, and the burden would have rested upon the constable, to justify the seizure and retention of the property.

The defendant contends that he took peaceable possession of the property before the writ in detinue came to his hands, for and as the agent of one Larkin, who held a valid mortgage upon it, and that he delivered it to the mortgagee. If the jury are satisfied of the truth of this contention, plaintiff has not only failed to make the necessary proof, but defendant has affirmatively shown a defense and justification. The jury must determine the disputed facts. If the constable seized the property under a writ of detinue, having thus obtained possession, he would not be permitted to turn it over to the mortgagee. No man can obtain possession of property in the actual possession of another, against his will, by a breach of the peace, and then justify under a superior right or title.

Vol. 98.

Public interest will not tolerate such conduct.—*Street v. Sinclair*, 71 Ala. 110; *Thornton v. Cockran*, 51 Ala. 415.

Neither can a private person or legal officer, by the forms of law, to which every citizen must submit, obtain possession of property in the possession of another under a claim of ownership, and having used the process of the law to acquire possession, abandon the legal process and set up an independent superior title. The law will not allow its process to be abused for such purposes. And the same rule applies where possession is obtained by artifice and fraud. Any person who thus deprives another of the possession is guilty of a wrong, and must either restore the property to him from whom taken, or answer in damages for its full value.—*Gay v. Burgess*, 59 Ala. supra; *Ex parte Hurn*, 92 Ala. 102. A different rule as to the measure of damages applies where one obtains the peaceable possession of the property of another, under some color or claim of right, and detains it or converts it to his own use, against one who has a prior right. In the latter case, the measure of damages is the actual damage sustained.—*Wilson v. Strobach*, 59 Ala. 488; *Williams v. Brassell*, 51 Ala. 297; *Pollack v. Harmon*, — Ala. —; *Draper, Mathis & Co. v. Walker, Teague & Co.*, 98 Ala. 310. A defendant when sued for a tort under these latter conditions, may set up an outstanding title superior to the plaintiff, if he can properly connect himself with it.—*Marks v. Robinson*, 82 Ala. 78; *Gardner v. Morrison*, 12 Ala. 547; *Draper, Mathis & Co. v. Walker, Teague & Co.*, supra; 3 Brick. Dig. p. 776, p. 5. There are some decisions apparently conflicting, but which we think may be reconciled on these principles, and which are believed to be sound. Except where exemplary damages or smart money is recoverable, the actual damage as a general rule, should measure the extent of recovery. But the law will not tolerate a violation of the public peace, or a fraudulent resort to legal process, or fraud, or artifice to get an undue advantage over one who submits to its mandates. He who thus defies and disregards the law, or obtains an advantage by fraud, can not defend, but must make full restitution.

10. Applying the foregoing principles to the charges given and refused, to which exceptions were reserved, and many of them disappear. The six given for the plaintiff, state the law correctly; and, for the same reason they were properly given, No. 9 asked by defendant was properly refused, and besides, it misplaces the burden of proof. All those asked by defendant except the 5th and 7th were properly refused. No. 1 is abstract. The return as amended is silent, and does

[Wolffe v. Loeb.]

not speak any thing as to the property in question, and it was competent for plaintiff to show the levy under the writ. Nos. 2 and 3 are abstract and misleading. Nos. 4 and 8, each, misplace the burden of proof. No. 6 states no reason why the plaintiff should not recover, and denies the right of plaintiff to show that the log cart and chain were in fact levied on and seized by the constable. No. 10 is misleading.

11. There was evidence tending to show, that the writ of detinue was not placed in the hands of the constable Brunson, before he took the cart and fixtures, and that he did not take them under said writ, but under a mortgage, and that said writ came into his hands, after he took possession of said property. Under the averments of the complaint, it was incumbent on the plaintiffs to show, as we have before stated, that the property was taken by Brunson as constable, under said writ, and detinue bonds not having been given as required by statute, was not returned to him. Whether he did or not, was a question of disputed fact, proper for the determination of the jury, and if the facts hypothesized in charges 5 and 7 were true, the plaintiffs were not entitled to recover. The refusal to give them was error, and the cause must be reversed on that account.

Reversed and remanded.