# Elrod, *et al. v.* Hamner.

*Action against Constable and Sureties on his Official Bond.*

1. *Detinue ; duty of officer upon party's failure to execute forthcoming bond.*—Where an officer has taken property into his possession under a writ of detinue, the statute which imposes the duty upon him to return such property to the defendant if he gives a forthcoming bond within five days after seizure, or if such bond

[Elrod *et al.* v. Hamner.]

is not given, upon the failure of the plaintiff to give such bond for five days after the expiration of the time allowed the defendant, is imperative, (Code of 1896, §§ 1474, 1475); and the officer's failure to so return the property to the defendant, where no forthcoming bond is given, is a misfeasance, which renders him and his sureties on his official bond liable for damages resulting therefrom.

2. *Same; same; officer can not plead title in the defendant.*—In an action against an officer and the sureties on his official bond for his failure to return to defendant property seized under a writ of detinue, where no forthcoming bond is given as provided for by statute, the officer can not set up, in defense of the action or in mitigation of amages, the title of the plaintiff in the detinue suit, or that the defendant in said suit did not own the property, or that he had only a qualified interest therein.

3. *Same; action against officer for failure to deliver property to defendant on execution of forthcomig bond; sufficiency of complaint.*—In an action against a constable who had taken property into his possession under a writ of detinue, for failure to deliver it to the defendant in said suit, the averment in the complaint that "the plaintiff tendered a *proper* forthcoming bond to said constable, as provided by section 2717 of the Code [1886] of Alabama," (Code of 1896, § 1474), is a sufficient averment that the defendant in said detinue suit tendered a forthcoming bond for the proper amount, with sufficient surety and conditioned as provided by the statute, and such complaint is not subject to a demurrer that it failed to aver in detail a complance with the statute on the part of the defendant in the detinue suit.

4. *Same; same; same.*—In an action against an officer who had taken into his possession property under a writ of detinue, for his failure to restore said property to the defendant in the detinue suit when a proper forthcoming bond had been given by the plaintiff as provided by statute (Code of 1896, § 1475), it is not necessary that the complaint should aver that the defendant in the detinue suit executed, tendered or delivered to said officer a bond as required and authorized by section 1474 of the Code, since, to fix the liability of such officer and show a cause of action against him, it is only necessary to aver the failure of the plaintiff in the detinue suit to give the forthcoming bond within the time fixed by the statute.

5. *Same; same; same.*—Where an officer who has taken possession of property under a writ of detinue fails to deliver the property to the defendant in the detinue suit, after the failure of the plaintiff to give a forthcoming bond as provided by statute, in order to make such officer liable to the defendant in the detinue suit for said misfeasance, it is not necessary that the de-

fendant should have demanded of such officer the delivery of the property; and in an action against him by the defendant in the detinue suit to recover damages for his failure to deliver said property, a plea which sets up the failure of the plaintiff to demand the delivery of the property, interposes no defense to the maintenance of the action and is demurrable.

6. *Same; same; sufficiency of evidence.*—In an action against an officer who had taken possession of property under a writ of detinue for his failure to return said property to the defendant, after the plaintiff in detinue had failed to execute a forthcoming bond as provided by the statute, where the evidence shows that on the fifth day after the seizure of the property the plaintiff in the detinue suit gave a forthcoming bond signed by himself alone, without sureties, and after the expiration of ten days from the date of the seizure the bond was signed by two sureties, and thereupon the officer delivered the property to the plaintiff in detinue, there is not shown such execution of the forthcoming bond as required by the statute, which authorizes the delivery of the property to the plaintiff in said suit, and upon such evidence the officer is liable for his failure to return the property to the defendant in detinue.

Appeal from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. Sprott.

This was an action brought by J. J. Hamner, the appellee, against Milton M. Elrod and the sureties on his official bond as constable.

The substance of the two counts contained in the complaint are sufficiently stated in the opinion. To the 1st and 2d counts of the complaint the defendant demurred upon the following grounds: "1. In that they each fail to aver that the property alleged to have been seized by the defendant Elrod, as constable, was the property of the plaintiff, or that he was damaged in any manner by the alleged seizing and taking of the said 1,000 pounds of cotton, or by the said constable's failure to deliver back to the plaintiff the said cotton so seized and held. 2. For that the said first and second counts of said complaint do not show that the plaintiff had such an interest in the property as to support the alleged action attempted to be made by said counts. 3. For that said counts fail to show that the plaintiff had any such interest in the property alleged to have been seized as that he was or could have been injured by the alleged acts of

[Elrod *et al* v. Hamner.]

said constable." The substance of the other demurrers to these counts is sufficiently stated in the opinion. Each of the demurrers to each of the counts of the complaint was separately overruled, and the defendant separately excepted. The defendants pleaded several special pleas, in which they set up that the property mentioned in the complaint was taken by the defendant Elrod as constable, was the property of T. L. Holman, the plaintiff in the detinue suit, and that it was so adjudged and determined in said suit. The sixth plea of the defendant was as follows : "Comes the defendant and in answer to the second count of said complaint says that there was never any demand or notice by the plaintiff, J. M. Hamner, after the lapse of ten days from the time of taking to deliver said property to him." To the sixth plea the plaintiff demurred on the ground that it was not necessary that said Hamner, the plaintiff in the present suit, should make any demand of said Elrod for the property after the expiration of ten days from the time of its seizure. This demurrer was sustained, and the defendant duly excepted. The other facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence the court at the request of the plaintiff instructed the jury, that if they believed the evidence, they should find the issues in favor of the plaintiff, and assess his damages at the value of the property at the time of the seizure by the defendant Elrod. To the giving of this charge the defendant duly excepted, and also separately excepted to the court's refusal to give the several charges requested by them.

There were verdict and judgment for the plaintiff. The defendants appeal and assign as error the several rulings of the trial court to which exceptions were reserved.

JONES & BROWN, for appellants.

SOMERVILLE & VERNER, *contra*.

TYSON, J.—This action was commenced by appellee against appellant, who was a constable, and the sureties upon his official bond.

In the first count of the complaint it is alleged that upon the seizure by defendant, under a writ of detinue, of 1,000 pounds of lint cotton, "which was at the time in the possession of plaintiff [appellee] and *bona fide* claimed by him as his property," plaintiff, within five days thereafter, tendered "a proper forthcoming bond to said constable as provided by section 2717 of the Code of Alabama, and made demand of said constable to deliver back to plaintiff the said cotton seized and held as aforesaid, and that said constable refused, neglected and failed to do so."

The second count charges that the plaintiff in the detinue suit, one Holman, having failed to give a forthcoming bond within five days after the time allowed by statute to the defendant for the giving of such bond had expired, the constable "did fail, neglect and refuse to deliver back said cotton to the plaintiff in this action."

In an action for the recovery of personal property in specie, if the plaintiff makes the affidavit and bond required by the statute, the officer executing the writ is required to take the property into his possession *unless the defendant* gives a forthcoming bond.—Code of 1886, § 2717 ; Code of 1896, § 1474. If the defendant neglects for five days to give such bond the property must be delivered to the plaintiff, on his giving a forthcoming bond with sufficient surety. If the plaintiff fail to give such bond for five days after the expiration of the time allowed the defendant, the property *must be returned* to the defendant.—Code of 1886, § 2718 ; Code of 1896, § 1475. If no bond is given by either of the parties within the time prescribed by the statute, the status of the property is the same as if no affidavit and bond had been made in the first instance, and in the event of a recovery by plaintiff a writ may issue against the defendant for the seizure and delivery of the property to satisfy the judgment. The duty of an officer who has taken property into possession under a writ of detinue, to return it to defendant, if he gives the required bond within five days after seizure, or where such bond is not given, upon failure of plaintiff to give the bond as provided by the statute, is imperative, and his failure to do so is an official misfeasance, for the damages resulting from which he and the sureties upon his official bond

are liable.—*McElhaney v. Gilleland*, 30 Ala. 183 ; *Gay v. Burgess*, 59 Ala. 575 ; *Thorn v. Kemp*, 98 Ala. 417 ; *Burgin v. Raplee*, 100 Ala. 433 ; *Couch v. Davidson*, 109 Ala. 313. When sued for the breach of such duty he cannot set up in defense of the action or in mitigation of damages, that the defendant in the detinue suit did not own the property, or that he had only a qualified interest therein, or that it was subject to a mortgage. As said in *Gay v. Burgess*, 59 Ala. 575, ''the duty imposed by the statute is plain and simple—it is restoration of possession to the defendant. The officer has no option, and it is not his province to inquire, nor has he authority to determine, who is the owner whether plaintiff or defendant. It would be against the policy of the law to suffer him to escape the consequences of the wrong by setting up the title of the plaintiff in the action of detinue, with which only his wrong connects him. If the defendant shall recover of him the value of the property of which he is not the real owner, he has involved himself in the loss by his disobedience of the statute and a wanton abuse of the authority of the law.'' This doctrine is reaffirmed in *Thorn v. Kemp*, 98 Ala. 425.

What has been said above disposes of the first, second and third grounds of demurrer to the first and second counts interposed by defendant Elrod, which were properly overruled, and also demonstrates that the rulings of the court upon the sufficiency of defendants' pleas, except the sixth, was correct. The demurrer to the first count on the ground that ''it fails to show that plaintiff tendered to the constable a bond with sufficient surety in double the value of the property, payable to the plaintiff, T. L. Holman, with condition that if the defendant was cast in the suit he would, within 30 days thereafter, deliver the property to the plaintiff T. L. Holman, and pay all costs and damages which may accrue for the detention thereof,'' is substantially in the words of the statute requiring defendant to tender a sufficient bond before he is entitled to have the property delivered to him. The breach of duty complained of in this count cannot exist unless there is a tender of a bond of proper amount, sufficient surety and conditioned as provided by the statute. Hence the complaint must aver facts from

which the inference necessarily follows that a bond such as the statute prescribes was tendered. The averment is "the plaintiff tendered a *proper* forthcoming bond to said constable as provided by section 2717 of the Code of Alabama." We think that the only reasonable inference to be drawn from this language is that defendant not only tendered a forthcoming bond, but it was for the proper amount, sufficient surety and conditioned as provided by the statute. The demurrer was therefore rightly overruled.

The demurrer to the second count on the ground that it failed to aver that defendant in the detinue suit "executed, tendered or delivered to said constable a bond as required and authorized by section 2717 of the Code" is without merit, since to fix the liability of, and show a cause of action against, the defendant it was only necessary to aver a failure of the plaintiff in the detinue suit to give a forthcoming bond within the time fixed by the statute; failing in this it was the duty of the constable to return the property to the defendant in said suit  The other grounds of demurrer to this count of the complainant are equally as untenable, and there was no error in overruling them.

This brings us to a consideration of the sufficiency of the sixth plea to the second count, which invokes the defense, that it was necessary after the expiration of the ten days from date of seizure for defendant in the detinue suit to demand of the constable the delivery of the property. In order to sustain it, we will be impelled to interpolate into the statute the words "after demand." The clause of the statute as written is "if the plaintiff fail to give such bond for five days after the expiration of the time allowed the defendant, the property *must be returned* to the defendant." There is no ambiguity in the language. The officer must retain possession for ten days after seizure unless a bond is given by one of the parties to the suit, and at the expiration of the ten days the statute commands him to *return* it to defendant, and a retention by him after that time was without authority, illegal and a violation of his duty to the defendant. The demurrer was properly sustained.—*Hall v. Perryman*, 42 Ala. 122.

We do not deem it necessary to further consider the pleading in the cause, since there is no evidence in the record to sustain those parts of pleas 1 and 2 remaining after the motion to strike was granted by the court below, and the replication and rejoinder thereto.

The only remaining question to be determined is whether the evidence made out the plaintiff's case under either count of the complaint. The proof shows that on the 5th day after the seizure of the cotton the plaintiff in the detinue suit gave a forthcoming bond signed by himself alone without any sureties, and that after the expiration of ten days from the date of the seizure the bond was signed by two sureties. This was not a compliance with the statute, and did not authorize the constable to deliver the property to the plaintiff. The evidence is without dispute, therefore, that a forthcoming bond was not given within such time as to deprive the plaintiff in this action of his right to have the cotton returned to him.

The judgment of the circuit court is affirmed.