(124 So. 397)
## MULLINS v. BURNETT. (7 Div. 505.)
Court of Appeals of Alabama. Oct. 29, 1929.

Victor Vance, of Gadsden, for appellant.

Joe F. Duke and M. C. Sivley, both of Gadsden, for appellee.

BRICKEN, P. J. This appeal is upon the record proper. The point of decision involved is the exception reserved to the action of the court in sustaining defendant's (appellee's) motion to strike the complaint upon the following stated grounds, to wit: "(1) Because plaintiff instituted detinue proceedings against defendant in this case without first making an affidavit as the law requires. (2) Because plaintiff began this detinue proceeding against defendant without making an affidavit before the suing out of said detinue proceedings."

The effect of the court's ruling in this connection is that an affidavit is essential in a proceeding of this character, and is a condition precedent, even though no attempt is made to disturb the defendant's possession of the property in question before trial.

We cannot sustain the court in the ruling complained of and assigned as error. The complaint was in strict conformity to the form prescribed in the action of detinue. 4 Code 1923, p. 509, form 27. The statute (section 7389 of Code 1923) does not provide for an affidavit in order to bring suit for the recovery of personal chattels in specie, but does provide, *if the plaintiff*, his agent or attorney, *makes an affidavit* that the property sued for belongs to the plaintiff, *and executes a bond* in such sum, and with such surety as may be approved by the clerk, the bond to contain the provision that, if plaintiff fails in the suit, he will pay the defendant all such costs and damages as he may sustain, as a result of the wrongful complaint, it then becomes the duty of the clerk to indorse on the summons that the sheriff is required to take the property mentioned in the complaint into his possession, unless the defendant give bond, payable to plaintiff, with sufficient surety, in double the value of the property, with condition that, if the defendant is cast in the suit, he will within 30 days thereafter deliver the property to the plaintiff, and pay all costs and damages which may accrue from the detention thereof.

The affidavit the plaintiff in an action of detinue is required to make is purely cautionary, and is required as a pledge of good faith in the commencement of the suit, in order to prevent an abuse of the extraordinary power to disturb and displace the possession of the defendant, before he has had the opportunity of being heard in defense of it. If there is no attempt or effort, as here, to take possession of the property, or to disturb and displace the possession of the defendant, such affidavit is not required, nor is it essential as a prerequisite for the mere bringing of the suit. Jacobs' Case, 61 Ala. 448. In that case the Supreme Court, through Chief Justice Brickell, said: "The affidavit was not authorized by law, unless the [plaintiff] had applied for an order of seizure of the chattels. If no such application was made, or no such order obtained, the affidavit was extra judicial." See, also, Elrod et al. v. Hamner, 120 Ala. 463, 467, 24 So. 882, 74 Am. St. Rep. 43.

Reversed and remanded.