[Burton, et al. v. Cefalu.]

# Burton, *et al, v.* Cefalu.

*Action Against Constable and Bond.*

(Decided Feb. 3, 1910.    51 South. 721.)

1. *Sheriffs and Constables; Seizure of Property; Failure to Return; Liability.*—Section 3780, Code 1907, requires a return of the property seized under a writ of detinue to the defendant where plaintiff fails to give bond, and if the officer fails to so return it to the defendant, he is liable on his official bond for damages resulting from such misconduct, and cannot justify his misconduct nor mitigate the damages by showing that the property belonged to another, or that it was subsequently adjudged to be the property of the plaintiff in the detinue suit; the statute being mandatory, he could not be liable to plaintiff in the detinue suit for complying with the statute, although the plaintiff subsequently recovered judgment for the property.

2. *Same; Remedy of Owner.*—A right of action against an officer for failing or refusing to deliver to defendant property seized under detinue, on plaintiff's failure to give bond, arises when the officer fails to comply with the statute, and continues until barred by limitations, and is not tolled by a recovery by plaintiff, of a judgment for the property, and the delivery of it to the plaintiff by the officer.

APPEAL from the Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by S. A. Cefalu against J. T. Burton and others.    Judgment for plaintiff, and defendants appeal.    Affirmed.

Dearborn & Warfield sued Cefaul for a typewriter, and the detinue writ was executed by Burton, by his deputy, by a seizure of the typewriter, and a delivery to the plaintiffs.    The plaintiffs failed for five days to give the required bond, and the defendant also failed, and after the expiration of the ten days demanded of the constable a return to him of the typewriter, and upon his failure to do so brought this case.    It seems from the record that after the demand made upon the constable, and before this suit was brought, Dearborn

& Warfield recovered the typewriter in said detinue suit, and Cefalu took an appeal to this court. The typewriter was delivered to Dearborn & Warfield under their judgment.

J. S. KENNEDY, for appellant. Counsel discuss assignments of error, and insist that the recovery by the plaintiff, and the delivery of the property to him under the judgment estops the defendant in the detinue suit from claiming that he was damaged by the action of the constable in failing to deliver the property on the failure of the plaintiff in detinue to give the bond required, but cites no authority in support of his contention.

WILLIAM CONNIFF, for appellee. Counsel insist that the plaintiff had a good cause of action and was entitled to more damages than were allowed, and in support thereof cite.—*Gay v. Burgess*, 59 Ala. 576; *Thorn v. Kemp*, 98 Ala. 417; *Elrod v. Hamner*, 120 Ala. 463; *Williams v. Eagan*, 45 South. 187.

ANDERSON, J.—It has been long settled by this court that an officer, who seizes property under a writ of detinue, and who fails to turn it over to the defendant, after the failure of the plaintiff to give a forthcoming bond, as required by the statute (sections 3780 and 6051 of the Code of 1907), is liable upon his official bond for his official misfeasance for damages resulting from said misconduct. Nor can he justify his misconduct or mitigate the damages by showing that the property belonged to another, or that it was subsequently adjudged to be that of the plaintiff in the suit. The statute is mandatory, and he could not be liable to the plaintiff, who subsequently recovered a judgment

against the defendant, for complying therewith. If the plaintiff wished to retain the possession he could give the forthcoming bond; but, failing to do so, the defendant was entitled to same, and it was not incumbent upon the officer to retain the property for the protection of the plaintiff or any one else, but it was his plain duty to deliver it to the defendant.—*Elrod v. Hamner,* 120 Ala. 463, 24 South. 882, 74 Am. St. Rep. 43; *Thorn v. Kemp,* 98 Ala. 417, 13 South. 749; *Gay v. Burgess,* 59 Ala. 575.

It is insisted by appellant that the plaintiff had the right to maintain this action only between the misfeasance and the delivery to the plaintiff, in satisfaction of his judgment against the defendant; that after the officer delivered the property to the plaintiff in response to his judgment against the defendant (the plaintiff here) the wrong was tolled. The books do not seem to make this distinction, as the plaintiff's right of action arose when the officer failed to comply with the statute and continued until barred by the statute of limitations. Indeed, some of the pleas in the *Elrod Case, supra,* not only set up that the property belonged to the plaintiff, Hollman, but that it was so adjudged and determined in said suit; and the effect of the ruling was that the plaintiff rightfully recovered the value of the property at the time of the seizure.

The judgment of the city court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.