# Torbert v. McFarland.

## Detinue.

(Decided Jan. 19, 1911. Rehearing denied April 27, 1911. 55 South. 311.)

1. *Mortgages; Detinue by Mortgagee; Special Pleas; Set Off.*— While facts relied on to show that no debt was due under the mortgage must be set up by special pleas, yet the defendants may under suggestion, in compliance with section 3789, Code 1907, show all matters going to reduce the mortgaged debt, even to its extinction, without specially pleading them, and hence, a defendant under such a suggestion could show that the property was injured, etc., while in possession of the plaintiff, so as to set off the amount of the damages, being entitled to credit for the difference between the value of the property taken from him and the value of that returned.

2. *Same; Conversion by Mortgagee; Joint Tort Feasors.*—Where a sheriff improperly turns over to the mortgagee property taken in detinue against the mortgagor, and the mortgagee used or wasted it, he would be liable as a joint tort feasor with the sheriff.

3. *Same; Evidence.*—In detinue by a mortgagee against the mortgagor for the mortgaged property, evidence of a witness as to the accounts, the witness stating that if the account was in witness's handwriting, he copied the letters and figures of the account from the book to the best of his ability, was not admissible for the purpose of explaining a discrepancy in the account, such evidence not showing the mistake in making up the account but tending to show rather the discrepancies from a subsequent change of the book.

4. *Set Off and Counter Claim; Non-Damage Claim; Demand Not Sounding in Damages.*—A claim by the mortgagor against the

mortgagee for damage to property by use or waste, such property being taken in detinue against the mortgagor and improperly delivered to the mortgagee by the sheriff, could be set off in a detinue action by the defendant, the same being a demand not sounding in damages merely within the provisions of section 5858, Code 1907.

5. *Sheriffs and Constables; Liability on Bond; Violation of Statute; Detinue Action.*—The failure of the sheriff to restore the property to the defendant upon the plaintiff's failure to give bond as required by section 3780, Code 1907, may render him liable to the defendant upon his official bond, regardless of the final outcome of the action.

6. *Action; Form; Waiving Tort.*—Where the sheriff improperly turned over property to the mortgagee taken from the mortgagor under detinue proceedings, and the mortgagee uses or wastes the property, the mortgagor can either sue the mortgagee for the tort, or waive it and sue on the contract.

7. *Charge of Court; Misleading Instructions.*—In a detinue action by the mortgagee against the mortgagor, a charge asserting that the defendant must be given credit for the value of whatever property sued for that plaintiff might have accepted, while misleading by pretermitting that some of the property had been restored to the defendant, did not constitute reversible error, as the plaintiff had an opportunity of requesting an explanatory charge.

8. *Appeal and Error; Rehearing.*—Where the appellant in brief takes and insists upon error in the admission of evidence upon a specific ground, he cannot on rehearing claim another and different ground against its admissibility.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Detinue by J. W. Torbert against Sam McFarland. From a judgment for defendant, plaintiff appeals. Affirmed.

The pleas were non detinet, and that the property sued for was claimed by plaintiff under a mortgage, and he suggests that the jury ascertain the amount of the mortgage debt, if any there be due from the defendant to the plaintiff under said mortgage.

The deputy sheriff, testifying, stated that he took the property into his possession under a writ. On cross-examintaion he was asked by the defendant what he did with it. Objection was interposed to the answer, and overruled, and he answered: "I turned it over to Mr. Myhand." Objection was interposed to the question as to "Who is Mr. Myhand?" and to the answer, that "Mr.

Myhand is the agent of J. W. Torbert." Objection was also interposed and overruled to the question, "You delivered it to Mr. Myhand, as the agent of Mr. J. W. Torbert?" and the answer, "Yes, sir." Further testifying, the deputy sheriff stated, over objection, that under orders from the sheriff he got the property, took it back to the place where he first obtained it, at Mr. McFarland's, and left it there; that he did not get the property from Mr. Myhand, and did not get it where he left it. Objection was interposed, and overruled, to the question to the deputy, "Where did you get it from?" and his answer: "I found the corn and fodder in the barn at a place where Mr. Godfrey lives. He was one of Mr. Torbert's tenants. It was a different place from where I left it. And I found the cotton seed in a ginhouse." Objection was interposed, and overruled, to the question, "Was the cotton seed mixed with other cotton seed?" and the answer: "I did not see the cotton seed in the house. I left that with Mr. Myhand to load." Also objection was interposed, and overruled, to the question and answer as to where he got the mare, and that he got Mr. Myhand's son to go to Mr. Torbert's plantation, about five miles distant, to get the mare. The other related to the question of money advanced, etc., on the mortgage, and as to payments made thereon.

Mr. Lewis, testifying as to the accounts, stated that, if the account was in his handwriting, he took the book and to the best of his ability copied the figures and letters and dollars and cents from the book to the account. The court sustained objection to this statement.

The following charges were given for the defendant: (1) "I charge you that you must give the defendant credit for the value of whatever property sued for that you find the plaintiff received and accepted." (2) "I charge you that you must give the defendant credit for

[Torbert v. McFarland.]

the difference in the value of corn that was taken from him and the value of that which was returned."

O. S. LEWIS, for appellant. The court erred in admitting the evidence objected to, as there was no plea of set off.—*Woodruff v. Stough*, 107 Ala. 314. It was the imperative duty of the sheriff to redeliver the property to the defendant after ten days.—*Elrod v. Hamner*, 120 Ala. 468. He could not plead title in plaintiff.—*Gay v. Burgess*, 59 Ala. 575. The failure to deliver was a tort, and if the plaintiff was in any way connected with it, this could only be raised by a plea of set off.—*McDaniel v. Sullivan*, 144 Ala. 583; Sec. 3791, Code 1907. Not having done this, he could not show a tort on the property, and obtain credit thereby.—*Foster v. Napier*, 74 Ala. 394.

H. P. MERRITT, for appellee. Counsel discuss assignments of error, but without citation of authority.

ANDERSON, J.—Section 3789 of the Code of 1907 provides that, in actions of detinue by a mortgagee, or his assignee, against a mortgagor or one holding under him, or by a vendor who has made a conditional sale reserving title until the entire purchase money is paid, or his assignee, against his vendee or one holding under him, the defendant may, upon suggestion, require that the jury ascertain the amount of the mortgage debt, etc. Section 3791 provides that, when the action is brought by the mortgagee or conditional vendor or assigns, the defendant may plead any matter of defense, including usury, that he might have pleaded if the action had been on the debt, except the statute of limitations. As an original proposition, the writer would be of the opinion that section 3789 was intended merely to authorize redemption in a court of law, by permitting the defend-

ant to pay up what was due and retain the property, but in order to reduce the amount the matters relied on should be specially pleaded as provided by section 3791. These statutes, however, have received a different construction in the case of *Hooper v. Birchfield,* 115 Ala. 226, 22 South. 68, and have been readopted without change, in this particular, and the interpretation given is established law, which must control in the consideration of this case. It appears that the court held, in this *Hooper Case, supra,* that, if the purpose is to show no debt due, "the facts relied on to this end should be set forth by special pleas." Says the court, however, in discussing the statutory suggestion as provided by section 2789 of the present Code: "On the other hand, where the question arises upon defendant's suggestion, requiring that the jury ascertain the amount of the mortgage debt, and is, not whether any debt exists, but as to the amount of the admitted indebtedness, any fact going to a reduction of the debt named in the instrument or claimed to have been incurred thereunder, such as partial payment, usury, set-off, or recoupment in part, would be proper for the consideration of the jury; and it would seem that any and all of these defenses pro tanto to an action on the obligation to pay money which the mortgage purports to secure could be brought forward in the action to recover the mortgaged property under the defendant's statutory suggestion—his requirement 'that the jury ascertain the amount of the mortgage debt'—without being specially pleaded in any way; for, while the statute clearly contemplates that all matters of defense against the obligation to pay money may be availed of to show satisfaction of the mortgage, and thus to destroy plaintiff's claim of title, or to reduce the debt upon defendant's suggestion as to an ascertainment of amount, it as clearly provides for such

ascertainment upon this mere suggestion, without more. This is not to be commended as the perfection of pleading, but so the law is written. Doubtless trial courts will exercise in respect of it a sound discretion as to continuances and the like, to prevent hardships to plaintiffs incident to being called upon without previous warning, or notice to answer defensive matter which in an action on the money obligation would have to be specially pleaded." It must be observed from the foregoing, that this defendant had the right, under his statutory suggestion, to set forth all matters that would legally reduce the mortgage debt and which could have been pleaded in defense of an action on said debt.

It seems that the sheriff took the property under a writ of seizure. It was therefore his duty, under section 3780, to hold the property subject to the defendant's right to have it restored upon giving bond within five days. If the defendant failed to give said bond, the sheriff was authorized to deliver it to the plaintiff, if he gave bond within the succeeding five days; and if the plaintiff failed to give said bond, the property should have been restored to the defendant, and if the sheriff failed to restore the property as required, he would be liable to the defendant, upon his official bond for damages, and regardless of the final outcome of the detinue suit.—*Burton v. Cefalu,* 165 Ala. 362, 51 South. 721; *Elrod v. Hamner,* 120 Ala. 463, 24 South. 882, 74 Am. St. Rep. 43, and cases cited.

In the meantime the sheriff holds the property as bailor, and if it is lost, injured, or destroyed, through his act or neglect, he is liable therefor; and if he improperly turned it over to the plaintiff, and the plaintiff used it, or permitted or caused any waste or diminution in the value of same, he would be liable as a joint tortfeasor with the sheriff, and the defendant could sue for

[Torbert v. McFarland.]

the tort, or waive the tort and sue on contract, at least for so much of the property as the plaintiff used or consumed.

Section 5858 of the Code of 1907 authorizes demands of this character to be set off, as they are not sounding in damages merely.—*Foster v. Bush,* 104 Ala. 662, 16 South. 625. And, as heretofore stated, under the *Hooper Case, supra,* the defendant could avail himself of this claim, under the statutory suggestion and without a special plea of set-off. The trial court did not err in permitting proof of the loss, use, or destruction of the property taken from the defendant, which may have accrued while in the custody or control of the plaintiff, or in giving charge 2, requested by the defendant.

Nor was there any error in excluding the testimony of Lewis as to how he copied the book, as it did not explain any discrepancy, if one existed. It does not disclose that a mistake was made in making up the account, but shows that he correctly copied from the book, and would tend to show the discrepancy was due to a subsequent change of the book.

Charge 1, given for the defendant, may have been misleading, for pretermitting the fact that some or most of the property had been restored to the defendant, but was subject to explanation by a countercharge from the plaintiff, and the trial court will not be reversed for giving same.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.

[Torbert v. McFarland.]

## On Rehearing.

ANDERSON, J.—Counsel for appellant insists that the statutory suggestion does not contemplate or authorize an entire extinguishment of the mortgage debt, but only a reduction of same; that is the suggestion does not deny that something was due on the mortgage. It may be that, under the suggestion alone, the defendant cannot question the once existence of the mortgage debt; but, as we held in the *Hooper Case, supra*, the defendant could show, under the statutory suggestion, any fact going to a reduction of the debt named, such as partial failure of consideration, partial payment, usury, set-off in part, or recoupment in part. If the set-off should be equal to or exceed the mortgage debt, or if it be less, but, together with some other item of credit permissible under the suggestion, they be sufficient to wipe out the mortgage debt, we know of no reason why the jury could not so find, and return a verdict for the defendant, notwithstanding the once existence of a debt was not or could not be questioned, except by an appropriate plea.

It is next insisted that the evidence objected to by the appellant, the conversion or partial conversion of the property, established a defense arising after the commencement of the suit, and could only be shown under a plea of puis darrein continuance, and not under the statutory suggestion, citing *Feagin v. Pearson,* 42 Ala. 332. Whether this case would apply to the statutory suggestion, enacted many years after the rendition of same, we need not decide; for, if it does, it would not be available to the appellant upon this application for rehearing. In the first place, the only objections to the evidence, going to establish the set-off growing out of the conversion, nowhere suggest that it was matter arising after the suit was brought. Nor does appellant's

original brief even hint at this point. It questions the
evidence, because it went to establish a tort, or set-off,
and claims that said set-off should have been specially
pleaded and could not be shown under the suggestion.
Indeed, the original brief says: "The failure of the
sheriff to deliver the property was a tort, and, if the
plaintiff was in any way connected with the tort, this
could only be raised by a plea of set-off, which *defendant
had a right to plead.*" (Italics ours.) There is not the
slightest suggestion that the matter arose after the com-
mencement of the suit and was only available under a
plea of puis darrein continuance, and this court cannot
go out of its way to reverse cases upon points not made
or insisted upon by appellants in their original argu-
ment or brief.

The application for rehearing must be overruled.