# Miller *v.* Johnson.

## *Detinue.*

(Decided November 7, 1914.   66 South. 486.)

1. *Pleading; Casting Issues; Burden of Proof.*—Where a defendant files a special plea in confession and avoidance, and plaintiff replies thereto by special replication in confession and avoidance without denying the facts of the plea, defendant does not have to prove the plea; if plaintiff takes issue on the plea by a general replication, and replies by a special replication in confession and avoidance, defendant must prove the plea, and until some evidence is offered in support of the plea or the issues thereby tendered, the issues tendered by the special replication are immaterial.

2. *Same.*—Where a plaintiff did not take issue on a plea by general replication, but only filed a special replication in confession and avoidance thereof, the special pleas will be taken as confessed, and the special replication presents the only issues, the burden of proving which rests upon plaintiff.

3. *Same; Instructions.*—A charge that plaintiff by his replication confessed the special plea of defendant, and that unless he had proven to the reasonable satisfaction of the jury the facts alleged in his replication, there should be a verdict for defendant, referred to the jury the replications and pleas, and was hence, objectionable in form.

4. *Bills and Notes; Negotiable; Bona Fide Holder; Collateral.*— The holder of negotiable paper as collateral security for a pre-existing debt, without more, is not a bona fide holder for value.

5. *Mortgages; Assignment; Bona Fide Holder.*—Where plaintiff claimed as an assignee of a certain mortgage, and set up by special replication that he was a purchaser of the mortgage for value in good faith before maturity, he was required to prove such allegation before the burden of proving notice shifted to defendant.

[Miller v. Johnson.]

6. *Same.*—The facts under which the mortgage was assigned stated and considered, and it is held that they were insufficient to show that plaintiff was a bona fide purchaser of such mortgage for value.

7. *Appeal and Error; Review; Prejudice.*—Where a defendant's pleas were confessed, and plaintiff filed a special replication setting up that he was a bona fide purchaser of the mortgage for value in the ordinary course of business, he had the burden of proving the same, and having failed to do so, the judgment must be reversed, notwithstanding Rule 45, Supreme Court Practice, since all the evidence bearing on the question being preserved by the record on appeal, and being examined by the court; it appears that the error thus committed had probably affected the substantial rights of the parties.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. E. GAMBLE.

Detinue by L. M. Johnson against G. A. Miller. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Defendant filed a plea setting up that at the time the action was commenced plaintiff was indebted to defendant in the sum of $1,000, and the further plea that at the time the action was commenced plaintiff was indebted to him in the sum of $333.33, due August 17, 1908, which amount was the purchase price of defendant's one-third interest in the Miller & Johnson Gin Company. The plaintiff replied that he claims title to the property involved by virtue of a mortgage executed by defendant to one W. A. Johnson on February 4, 1911, for the sum of $964. due October 1, 1911, and plaintiff avers that on August 3, 1911, he purchased said mortgage from said W. A. Johnson in regular course of trade, for value, before maturity, in good faith, and without notice of any inffirmity, and without notice that said W. A. Johnson was indebted to defendant in any amount. The same replication was also filed as an answer to defendant's suggestion as to the amount due on the mortgage debt.

The following charges were refused defendant:

(2) The court charges the jury that plaintiff under the evidence is not a bona fide purchaser for value without notice.

(4) The court charges the jury that plaintiff by his replication confessed the special pleas of defendant, and that, unless he had proven to the reasonable satisfaction of the jury the facts alleged in his replication, their verdict must be for defendant.

JOHN R. TYSON, for appellant.

FRANK B. BRICKEN, for appellee.

GARDNER, J.—This suit was in detinue, brought by appellee against appellant. For title to the property, the appellee relied upon a certain mortgage, executed by the appellant to W. A. Johnson, brother of appellee, which said mortgage had been transferred by his brother to him. The defendant in the court below, in addition to pleading the general issue and suggesting the ascertainment of the amount of the mortgage indebtedness, interposed certain special pleas of setoff—Sections 3789 and 3791, Code; *Torbert v. McFarland*, 172 Ala. 117, 55 South. 311. These pleas alleged that, at the time the action was commenced, plaintiff was indebted to defendant. The plaintiff, in answer to said special pleas, filed a replication, setting up the defense of bona fide purchase of said mortgage for value, before maturity, and without notice that the said mortgagee was indebted to said defendant in any amount.

We observe, just here, what appears to be a discrepancy in the pleading, which seems to have escaped the notice of counsel. The special please aver that the *plaintiff* was indebted to defendant, when it would seem, from the record and the replication to the pleas,

that it was intended by the pleader to aver that W. A. Johnson, the *mortgagee*, was so indebted. It seems to have been, however, so treated by counsel, and, as we consider it so evident, we feel justified in also so considering the pleading. However, from the view we take of the case, this can hardly be considered as material; but we thought proper to call attention of counsel thereto.

It is to be noted that the replication filed by the plaintiff does not deny any averment of the special pleas, but only contains matter as in confession and avoidance thereof.

"Where a plaintiff replies to a special plea in confession and avoidance by a special replication in confession and avoidance, without denying the facts of the plea, the defendant is not required to offer evidence in support of the plea; but where plaintiff takes issue upon the plea by the general replication. * * * and replies at the same time by a special replication in confession and avoidance. * * * the burden of proving the plea remains with defendant, and until some evidence is offered in its support the issue tendered by the special replication is immaterial."—*Ray v. Fidelity-Phenix Fire Ins. Co.*, 187 Ala. 91, 65 South. 536.

In the instant case the plaintiff did not take issue on the pleas by general replication, as he might have done, but simply filed the special replication in confession and avoidance thereof. When such is the situation, the result of our decisions is: The special pleas are treated as confessed, and no proof need be offered thereon by defendant, and the special replication becomes the material issue, the burden of proving which rests upon the plaintiff.—*Lee v. De Bardeleben Co.*, 102 Ala. 628, 15 South. 270; *Lucas v. Stonewall Ins.*

*Co.,* 139 Ala. 487, 36 South. 40; *German-American Nat. Bank v. Lewis,* 9 Ala. App. 352, 63 South. 741. The burden, therefore, rested upon the plaintiff to show by the proof that he purchased the mortgage for value, before its maturity, in the ordinary course of trade, as he alleged in his said special replication. This he was required to do before the burden of proving notice shifted to defendant.—*German-American Nat. Bank v. Lewis, supra,* and the authorities there cited.

We are of the opinion that the plaintiff by his evidence has failed to establish such necessary averments. While his proof shows a transfer to him of the note and mortgage, by his brother, W. A. Johnson, the mortgagee, reciting the payment therefor of the sum of $955, the said transfer being without recourse, yet the proof shows that no money in fact was paid, nor other thing of value, in consideration of said transfer. The holder of negotiable paper as collaterial security for a pre-existing debt, without more, is not a bona fide holder for value.—*Vann v. Marbury,* 100 Ala. 438, 14 South. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70.

Plaintiff testifies that his brother was indebted to him in a sum much in excess of the face of the mortgage, and that his brother "guaranteed that money." It is held in this state that merely entering a credit on an account past due without surrendering any thing valuable, would not constitute the creditor a bona fide purchaser.—*Hawkins v. Damson & Abraham,* 182 Ala. 83, 62 South. 15; *Spira v. Hornthall, etc., Co.,* 77 Ala. 137; *First Nat. Bank v. Nelson,* 105 Ala. 180 16 South. 707. It does not appear that he received the mortgage in payment pro tanto of any part of the debt his brother owed him. Nor does it appear that the transfer was made to secure the pre-existing debt due by his brother in consideration of any definite agree-

[Miller v. Johnson.]

ment as to extension of the time of payment.—*Vann v. Marbury,* 100 Ala. 438, 14 South. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70; *Snellgrove v. Evans,* 145 Ala. 600, 40 South. 567. We conclude, therefore, that the plaintiff failed to meet the burden resting upon him by the special replication, and that the defendant was entitled to have the jury so charged, as requested by charge No. 2, which was refused.

Charge numbered 4 is correct in substance, but has been condemned in form, for referring the jury to replications and pleas.—*Penna Fire Ins. Co. v. Draper,* 187 Ala. 103, 65 South. 923.

What is here said, in this opinion, does not seem to be controverted by counsel for appellee in brief; but his insistence seems to be that as the record does not purport to show all the evidence in the case, although it does show all that was offered bearing on the question of plaintiff's being a bona fide purchaser of the mortgage, the court cannot say that there has been error probably injuriously affecting substantial rights —citing rule 45 (61 South. ix.). Under the form of pleading chosen by the parties, the special pleas, under our decisions, were confessed, and the burden of proof rested upon plaintiff to establish his replication to the extent as herein indicated. This, we have concluded, he failed to do, and the defendant was entitled to have the jury so charged. All the evidence on that question is in the record. Under the pleadings, the issue was material, and we are of the opinion that the rule referred to has no application to this case.

For the error above mentioned, the judgment of the court below is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.