# Wertheimer Bag Co. *v.* Hill.

### Detinue.

(Decided April 20, 1915.   71 South. 618.)

1. **Mortgages; Delivery and Acceptance.**—The delivery and acceptance of a chattel mortgage are essential to its validity.

2. **Same; Contemporaneous Instrument; Construction.**—Where the mortgagee, upon delivery of a chattel mortgage, gave the mortgagor a receipt, which was accepted by the mortgagor, reading "Received of Luke Hill one mortgage for $157.49 to cover account due, payable $10 each month, failure to pay any monthly installment will make the whole amount fall due, payable on demand," the two instruments together constituted a single transac-

tion, and evidenced the agreement of the parties, and the receipt was admissible in evidence; the two papers being entitled to be construed together.

3. **Same; Defenses.**—Where there was no objection to the issues raised by the plea of the general issue with leave to give in evidence other matters which would constitute a good defense, the mortgagor was entitled to prove that the mortgage debt was not due, as well as to prove payment as a complete defense, and put in issue the amount due on the debt, and prove a set off or counter claim. Also proof of tender of an installment of a mortgage debt, which was payable in installments, made after suit brought, was admissible as tending to show a reduction of the amount due on the debt. (Considering together §§ 3789, 3791 and 4899, Code 1907.)

4. **Same; Tender; Keeping Good.**—In detinue by a chattel mortgagee against the mortgagor where a tender was made, the mortgagor must keep his tender good by delivering the money, tendered as an installment, to the clerk of the court, under § 5334, Code 1907.

5. **Appeal and Error; Harmless Error; Evidence.**—Error in refusing to permit defendant mortgagor to be asked concerning the custom of the mortgagee's trade, which could not have affected the result of the litigation, was harmless, the action being detinue by the mortgagee.

6. **Same.**—In such a case where the record did not show that more than one week's payment was advanced, or that any bags were purchased by the mortgagor under an agreement introduced in evidence, by the terms of which the mortgagee was to advance to the mortgagor $25 a week to be used in purchasing bags, such as were kept and sold in the mortgagee's business, any error in admitting such agreement was harmless.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Detinue by the Wertheimer Bag Company against Luke Hill. Judgment for defendant and plaintiff appeals. Affirmed.

MAX J. WINKLER and VICTOR SMITH, for appellant. C. B. POWELL, for appellee.

PELHAM, P. J.—The appellant, the plaintiff in the court below, sued in detinue to recover a wagon and two horses, with the value of the hire thereof during the detention, and relied on title by a mortgage executed by the defendant to the plaintiff, which is as follows: "The State of Alabama, Jefferson County.

"Know all men by these presents: That for and in consideration of indebtedness to Wertheimer Bag Company in the sum of one hundred fifty seven and 59/100 dollars, due by Luke Hill bearing date April, 1913, and payable on demand: Now, to secure the punctual payment of said indebtedness the said Luke Hill does hereby grant, bargain, sell and convey to said Wertheimer Bag Co. the following property, to-wit: One Milburn two-horse

[Wertheimer Bag Co. v. Hill.]

wagon, hollow axle, color yellow; one clay bank horse, age nine years, weight about 1,000 pounds, five hands high; one bay horse, weight about 1,500 pounds, eight years old, about seven hands high; bay horse named Romdy; also one large dark bay horse, weight 1,200 pounds, about six hands high, named Dooley—warranted free from all incumbrances and against any adverse claims. Upon condition, however, that if I pay said claim to the said Wertheimer Bag Co. or their assigns, with interest, this deed to be void; but if we fail to pay said claim in whole or in part at maturity, the said Wertheimer Bag Co., their agents or assigns, are authorized to take possession of said property, and after giving thirty days' notice by writing or verbal notice to sell the same at auction, to the highest bidder, for cash, in front of the court house door in said county, and the proceeds to be devoted to the paying, first, the expense of advertising and selling, and the payment of a reasonable attorney's fee for foreclosing this mortgage, and, second, the amount, with interest, that may be due on said mortgage and the surplus, if any, to be turned over to the undersigned. And the mortgagee or his assigns are authorized to bid and become the purchaser at said sale.

"Witness ——— hand and seal this 9th day of Apr., 1913.

　　　　　　　　　　　　　　　　　"Luke Hill [L. S.]"

Then followed the acknowledgment.

It was not denied that the mortgage debt had not been paid in full, but the defendant offered, and the court admitted in evidence, a receipt from the plaintiff for the mortgage, bearing the same date, and contended that the two writings should be construed together, and that the receipt showed that the mortgage debt was to be paid in monthly installments of $10 each. The receipt is as follows: "Birmingham, Alabama, April 9, 1913. Received of Luke Hill one mortgage for $157.49 to cover account due, payable $10.00 each month. Failure to pay any monthly installment will make whole amount fall due, payable on demand."

The plea was the general issue with leave to give in evidence any matter which would be a good defense if well pleaded, and with leave to the plaintiff to give in evidence any matters which would be a good replication to the matters of defense.

(1, 2) Mr. Jones, in his work on chattel mortgages (5th Ed.) § 104, declares the elementary rule that: "A delivery and acceptance of the mortgage are essential to its validity. Without

these there is no mortgage, but only an attempted one, or a proposition to make one."

The mortgage, therefore, was not effective until it was delivered to the mortgagee, and since upon its delivery the mortgagee gave to the mortgagor, and the mortgagor accepted, the paper or receipt above set out, it appears that the two papers were executed in the course of and constituted one transaction, and together evidenced the agreement between the parties. The trial court properly ruled that the receipt was admissible in evidence, and that the two papers should be construed together.— *Chambers v. Marks,* 93 Ala. 412, 9 South. 74; 27 Cyc. 1135.

The defendant introduced evidence tending to show that he had paid the installments regularly, and offered evidence which was admitted by the court over objection that after the suit was brought he made a tender of $10 to be applied on account of the mortgage debt, and contended that there had been no default, and that the mortgage debt was not due at the time the action was begun. The evidence as to the tender and the default was in conflict. It is urged that the evidence as to the tender, which is shown to have been made after the suit was begun, is inadmissible.

(3, 4) There having been no objections to the issues raised by the plea of the general issue with leave to give in evidence other matters which would be a good defense, it was competent for the defendant to prove that the mortgage debt was not due, as well as to prove payment of the mortgage debt as a complete defense, and to put in issue the amount due on such debt, and also to prove a set-off or counterclaim.—Code 1907, §§ 3791, 3789, 4899; *Foster & Rudder v. Smith,* 104 Ala. 248, 16 South. 61; *Hooper & Nolen v. Birchfield, et al.,* 115 Ala. 226, 22 South. 68; *Torbert v. McFarland,* 172 Ala. 117, 55 South. 311. Under the issues as framed, the proof of tender was therefore admissible as tending to show a reduction of the amount due on the mortgage debt, but, of course, was not effective unless the defendant showed that the tender was kept good by a delivery of the money so tendered to the clerk of the court.—Code 1907, § 5334. The record does not show that the tender was kept good, but if the plaintiff felt aggrieved with this testimony, he might have sought relief by a motion to exclude the testimony, or by requesting a written charge, neither of which is disclosed by the record.

[Wertheimer Bag Co. v. Hill.]

As a set-off to the mortgage debt, the defendant introduced evidence showing that prior to April, 1913, he had from time to time been selling and delivering to the plaintiff meal, hull, and oat sacks, about 10,000 in number, and that when the action was begun the plaintiff was due him $250 on that account. The plaintiff's evidence was to the effect that the defendant had been paid for all the sacks that had been delivered to the plaintiff, except some that were worthless. There was a conflict in the evidence as to whether or not the worthless sacks had been returned to the defendant.

(5) The court refused to permit the defendant to be asked whether "he knew it to be the custom of dealers in sacks to reject worthless sacks and not pay for same." It is not shown that there was any express contract between the parties as to these sacks, but the transaction shows an implied agreement on the part of the plaintiff to pay the defendant no more than the reasonable value of the sacks that were delivered and accepted. If the jury believed the evidence that the sacks were worthless, they did not allow the defendant anything on that account, and therefore the custom inquired about could not have affected the result.

(6) The court admitted in evidence a contract between the parties, dated in July, 1913, by the terms of which the plaintiff was to advance to the defendant $25 per week to be used by the defendant in purchasing for the plaintiff such bags as were kept and sold in the business of the plaintiff. The form of the pleadings was such that at the time the contract was offered there was nothing to show to the court that this contract was irrelevant. The record does not show that any bags were purchased by the defendant under the agreement, and it appears that the plaintiff advanced to the defendant only $25 on account of the agreement, which sum was repaid by the defendant. It is not shown that the plaintiff suffered any injury by the admission of this agreement in evidence.

It follows that the judgment appealed from must be affirmed.
Affirmed.