·(75 South. 871)·

HOOD v. JENKINS. (7 Div. 484.)

(Court of Appeals of Alabama. June 5, 1917. Rehearing Denied June 15, 1917.)

1. CHATTEL MORTGAGES ⬪172(2) — DETINUE BY MORTGAGEE — PLEADING — BREACH OF WARRANTY—STATUTE.

Under Code 1907, § 3791, providing what may be pleaded when detinue is brought by a mortgagee or a vendor in a contract of conditional sale, in an action of detinue, plaintiff claiming under a chattel mortgage executed by defendant, defendant had the right to plead breach of warranty made by plaintiff as to the soundness of the property, the price of which constituted the consideration of the mortgage relied on by plaintiff.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 306, 312.]

2. CHATTEL MORTGAGES ⬪172(6) — BREACH OF WARRANTY—MEASURE OF DAMAGE.

In detinue by a mortgagee against his mortgagor, where defendant pleaded breach of warranty by plaintiff as to the soundness of the property, the purchase price of which constituted the consideration of the mortgage, the defense, if sustained, reduced the amount of the mortgage debt by the difference between the agreed price of property and the real value at time of sale.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 308.]

3. CHATTEL MORTGAGES ⬪172(5)—DETINUE —VALUE OF PROPERTY—SUFFICIENCY OF EVIDENCE.

In detinue by a mortgagee against the mortgagor to recover mules sold by plaintiff to defendant, the latter pleading breach of warranty, evidence as to the value of the property involved in the case held sufficient to sustain verdict for plaintiff.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 307.]

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Action by R. L. Hood against John Jenkins. From an order refusing to set aside verdict for plaintiff on his motion for new trial, plaintiff appeals. Affirmed.

Culli & Martin, of Gadsden, for appellant. J. M. Miller, of Gadsden, for appellee.

BROWN, P. J. [1] This is an action of detinue by appellant against appellee to recover two mules and other personal property. The plaintiff claims title under a mortgage executed by the defendant. In addition to the general issue, and a suggestion that the jury ascertain the amount due on the mortgage, defendant, as he had a right to do, pleaded a breach of warranty made by the plaintiff as to the soundness of the mules, the purchase price of which constituted the consideration of the mortgage relied upon by plaintiff. Code 1907, § 3791; Miller v. Johnson, 189 Ala. 354, 66 South. 486; Wertheimer Bag Co. v. Hill, 14 Ala. App. 623, 71 South. 618; Tabor v. Peters, 74 Ala. 90, 49 Am. Rep. 804.

[2] The effect of this special defense, if sustained, was to reduce the amount of the mortgage debt to the extent of the difference in the agreed price of the mules and their real value at the time of the sale. Brown v. Freeman, 79 Ala. 406.

The undisputed evidence shows that the defendant purchased a pair of mules from the plaintiff, giving in exchange one mule and a mortgage for $449 dated November 22, 1913; that subsequent to this time defendant returned these mules, exchanging them for a smaller pair of mules, defendant agreeing to pay $40 difference in the exchange. The plaintiff's evidence then tends to show that this amount, added to the indebtedness evidenced by the first mortgage, and the interest thereon, constituted the consideration of the second mortgage executed in 1914. The defendant's contention, however, was that only the mortgage of 1913 was given, and that he executed a note for the difference in the trade.

The testimony of the plaintiff is not entirely clear as to what payments were made on the mortgage before this suit was brought, but when his testimony is considered in connection with that of the defendant, it clearly appears that only two payments were made, the first in cash to the bank of $132.50, and the second 11 bushels of corn, worth from 60 to 80 cents per bushel.

The evidence was in conflict as to the value of the mules as to the time defendant acquired them, the evidence offered by the plaintiff tending to show that they were worth what the defendant agreed to pay, while that offered by defendant shows that they were not worth over $300, and the evidence as to the value of the mules at the time of the trial was that they were worth $100 each.

The evidence was also in conflict as to the value of the mule the defendant let the plaintiff have in the first trade. The evidence offered by the plaintiff was that this mule was worth $20 or $30, while that offered by the defendant was that it was worth over $100.

Otherwise stated, the plaintiff received a mule worth $30 and a mortgage for $493, or $523, for the mules in suit, and if the jury believed the evidence offered by the defendant as to the value of the mules, they were olny worth $300. When the difference between the amount paid and agreed to be paid and the real value, as the jury had the right to find it from the evidence, $223, is credited on the mortgage debt of $493, it leaves a balance of $270, and when the cash payment of $132.50 and $7.15, the value of the 11 bushels of corn, making a total credit of $139.65, is deducted from this amount, we have a balance of $130.35.

The jury returned a verdict in favor of the plaintiff, fixing the value of the property seized under the writ of detinue as follows: The mules at $300, the corn $28, cotton seed $15, fodder $10.50, and the wagon $20.50, making a total of $374, and ascertained the amount due on the mortgage as $118.50. The court refused to set this verdict aside, on the

motion of plaintiff for a new trial, and from that order this appeal is prosecuted.

By consent of the appellee the amount of the ascertained indebtedness due on the mortgage was increased by the judgment of the court to $176.10, and the motion for new trial was overruled.

[3] After considering the evidence in banc, we are not convinced that prejudicial error was committed by the court in overruling the motion for new trial.

Affirmed.