**TAYLOR v. BIRMINGHAM FERTILIZER CO. (6 Div. 870.)**

(Supreme Court of Alabama. April 12, 1923.)

Pleading ⬤⟳377—Special replications held to confess special pleas, and present material issues, throwing burden of proof on plaintiff.

Where defendant files special pleas setting up discharge in bankruptcy, and plaintiff files only special replications, the special pleas are treated as confessed, and the special replications present material issues, to be proved by plaintiff.

Appeal from Circuit Court, Winston County; T. L. Sowell, Judge.

Action by the Birmingham Fertilizer Company against John F. Taylor. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Chester Tubb, of Haleyville, for appellant.

Appellee did not join issue on appellant's plea of bankruptcy, but filed special replications, thus confessing the plea, and unless the proof sustained the replications, appellant was not entitled to recover. Ala. Nat. Bank v. Halsey, 109 Ala. 196, 19 South. 522; Woodall & Sons v. People's Nat. Bank, 153 Ala. 576, 45 South. 194; Zadek v. Forscheimer, 16 Ala. App. 347, 77 South. 941; Home Supp. Co. v. Almon, 17 Ala. App. 3, 81 South. 179.

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Thos. J. Carey, of Haleyville, for appellee.

No brief reached the Reporter.

GARDNER, J. Appellee recovered a judgment against appellant John F. Taylor upon an instrument in writing designated in the pleadings a bond, which was given for the purchase price of fertilizer sold said Taylor.

The defendant interposed special pleas setting up his discharge by decree of the bankrupt court as a defense to the action. The plaintiff appears not to have taken issue on these pleas by general replication, but only filed special replication thereto. The decisions of this court are to the effect that under these circumstances the special pleas are treated as confessed, and the special replications present the material issues, the burden of proof resting upon the plaintiff. Miller v. Johnson, 189 Ala. 354, 66 South. 486.

Demurrer to the first replication was sustained, and overruled as to 2 and 3, and in each of these replications it was alleged that the claim sued on was not duly scheduled in the petition or otherwise by defendant in the bankruptcy proceedings, and also that plaintiff did not have notice or knowledge of said proceedings.

The plaintiff offered no proof in support of the averment that the claim had not been duly scheduled in the bankruptcy petition, and therefore failed entirely in this respect in supporting these special replications.

There was proof tending to show that notice of the bankruptcy proceedings was served upon one Still, who had sold fertilizer for the plaintiff. But, as to whether or not, at the time of the bankruptcy proceedings in 1918, he was such agent of the plaintiff as would bind it by such service, the proof seems uncertain and indefinite.

This cause was tried before the court without a jury, but we are of the opinion that, under the circumstances here presented, the judgment should be reversed, and the cause remanded in order that the entire facts might appear.

Plaintiff having failed to carry the burden of proof as to its special replications, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.