## MAY v. MIDDLETON. (8 Div. 642.)

(Supreme Court of Alabama. April 17, 1924. Rehearing Denied June 19, 1924.)

1. **Detinue 18—Burden of proof in action of detinue, stated.**

Under Code 1907, § 3789, where defendant in detinue suggests that plaintiff's claim is based on mortgage debt, burden is upon defendant to show existence of mortgage, then upon plaintiff to show amount of indebtedness under mortgage, and then upon defendant to show payments or discharge or other defense authorized by section 3791.

2. **Trial 234(7)—Instructions as to burden of proof held not misleading.**

Instructions as to burden of proof and extent of defendant's obligation, in action of detinue wherein defendant suggested plaintiff's claim was based on mortgage, when considered together, *held* not misleading.

3. **Appeal and error 494—Ruling on motion for new trial not reviewable unless judgment thereon shown; showing held sufficient.**

Ruling on motion for new trial will not be reviewed on appeal therefrom unless record proper shows judgment thereon, but a recital in the bill of exceptions of the motion, the ruling of the court, and exception thereto is sufficient to present same for review on appeal from judgment on verdict.

4. **Appeal and error 1005(3)—Court's ruling sustaining verdict on motion for new trial, conclusive.**

Court's ruling sustaining verdict on conflicting evidence as to balance due on mortgage constituting basis of plaintiff's claim *held* binding on appeal, when verdict was not palpably wrong.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Action by Gus May against Sol Middleton. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals, under section 6, p. 450, Acts 1911. Affirmed.

The action is in detinue to recover certain personal property. The defendant suggested that plaintiff's claim was based on a mort-

gage, and asked that the amount of the debt secured by it be ascertained. The main mortgage, which included the debts secured by several smaller mortgages, was for $1,600, was signed by the defendant and four of his children, and included their several individual debts, as alleged, to plaintiff. As to the amounts of original indebtedness, and also as to the amounts paid on it in money, cotton, and other property, the evidence was in dispute. The evidence for defendant tended to show that the actual indebtedness covered by the mortgage had been discharged by payments made.

The trial judge gave the following charges requested by the defendant:

"(1) The burden is on the plaintiff to show to the jury the amount of the indebtedness due on the mortgages.

"(2) The plaintiff cannot recover under the $1,600 mortgage if the two mules and cultivator were of equal value to or greater than the debt owing by the defendant and secured by the mortgage.

"(3) Under the suggestion that the plaintiff claims the property under a mortgage, the burden is upon the plaintiff to show the correct amount due him by the defendant."

The giving of these several charges is separately assigned for error.

At the plaintiff's request the following charges were given:

"(1) The mortgage of March 22d, securing $1,600, is prima facie evidence that defendant was indebted to plaintiff in the sum of $1,250, and the burden is on the defendant to show the true amount, if that amount was not true.

"(2) It is immaterial whether the $1,250 recited so to be due in the mortgage of March 22, 1922, was in part the indebtedness of his children; by executing the mortgage, the indebtedness of his children would become his indebtedness, and he would not be entitled to reduce the amount of the mortgage indebtedness by the fact that part of it was his children's.

"(3) The burden is on defendant to prove the amount of payments he has paid."

The jury found for the defendant, and there was judgment accordingly. The plaintiff's motion for new trial being overruled (the motion and ruling being shown by the bill of exceptions only), plaintiff appeals from the judgment, and assigns for error also the ruling on his motion.

Callahan & Harris, of Decatur, for appellant.

Plaintiff's motion for new trial should have been granted. Price v. Hendricks, 207 Ala. 267, 92 South. 431. The mortgage was prima facie evidence of the amount claimed. Butler v. Hill, 190 Ala. 576, 67 South. 260; Orendorff v. Suit, 167 Ala. 563, 52 South. 744. The burden of proving payments was upon the defendant. Howell v. Smith, 206 Ala. 646, 91 South. 496.

Sample & Kilpatrick, of Hartsells, for appellee.

Charges given for defendant were correct. Hooper v. Birchfield, 115 Ala. 226, 22 South. 68; Torbert v. McFarland, 172 Ala. 117, 55 South. 311; Foster v. Smith, 104 Ala. 248, 16 South. 61. The recitals in a mortgage are not conclusive. 27 Cyc. 1049.

SOMERVILLE, J. [1] When the defendant in detinue suggests that the plaintiff's claim is based on a mortgage, and requires the ascertainment of the amount of the mortgage debt, as provided by section 3789 of the Code, the burden is, of course, on the defendant to show the existence of the mortgage claim. Thereupon, the action assumes the character, quoad hoc of an action on a note or other indebtedness, and the burden devolves upon the plaintiff to show the amount of the indebtedness under his mortgage. This he may do by showing a note, or a recital in the mortgage, or an account stated, or by independent evidence. When a debt is thus shown prima facie, the burden devolves on the defendant to show that it has been paid or discharged in whole or in part, or to make any other defense authorized by the statute. Code, § 3791.

[2] Standing alone, the several instructions given to the jury at the instance of defendant might well have been misleading as to the burden of proof resting on plaintiff and defendant respectively, and also as to the extent of defendant's obligation as to the whole indebtedness secured. But their ambiguity and misleading tendency are, we think, entirely removed by the charges given for plaintiff, as well as by the general oral charge. The jury could not have misunderstood the law applicable to the case, and reversible error cannot be found in the giving of the charges complained of.

[3] While an appeal from the ruling of the trial court on a motion for new trial will not be entertained unless the record proper shows a judgment thereon (Clements v. Hodgens, 210 Ala. 486, 98 South. 467), a recital in the bill of exceptions of the motion, the ruling of the court, and an exception thereto by the party adversely affected, is sufficient to present the question for review on appeal from the judgment on the verdict (Dees v. Lindsey Mill Co., 210 Ala. 183, 97 South. 647).

[4] We have given thorough consideration to the evidence as to the existence of a balance due on the mortgage indebtedness. It is in conflict, and it may be that the weight of the evidence favors the claims of plaintiff; but we are unable to affirm that the weight of the evidence is so overwhelming in favor of plaintiff as to show that the verdict for defendant is palpably wrong. We must therefore decline to reverse the ruling of the trial court sustaining the verdict of the jury.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.