150 So. 175

**THOMPSON et al. v. MANUFACTURERS' FINANCE ACCEPTANCE COR-PORATION.**

**6 Div. 9.**

Court of Appeals of Alabama.

March 28, 1933.

Rehearing Denied May 9, 1933.

Rehearing Granted June 30, 1933.

Further Rehearing Denied Sept. 12, 1933.

See, also, ante, p. 70, 150 So. 174, 175.

Von L. Thompson, of Birmingham, for appellants.

London, Yancey & Brower and Al. G. Rives, all of Birmingham, for appellee.

SAMFORD, Judge.

The appeal in this case is on the record, there being no bill of exceptions, which fact eliminates from consideration questions involving given and refused written charges and excerpts from the court's oral charge dependent upon any phase of the evidence. Johnston Bros. Co. v. Washburn, 16 Ala. App. 311, 77 So. 461; 2 Vol. Alabama & Southern Digest, ☞928 (3).

■■ The suit was in detinue claiming one Nash automobile and was originally brought against defendant Cora Thompson, who executed a replevin bond for the property sued for, on October 7, 1929. On September 11, 1930, by leave of the court first had and obtained the complaint was amended by adding Von L. and Foy Thompson as parties defendant. The order of the trial court in allowing this amendment is assigned as error. This action seems to be justified by section 9513 of the Code of 1923. The only limitation on the right to amend a complaint in an action at law, is, that there cannot be an entire change of parties or the introduction of a new cause of action. Steed v. Mc-Intyre, 68 Ala. 407.

■ It is insisted that the court erred in failing and refusing to rule on demurrer of Foy and Von L. Thompson to the complaint as amended. There does appear in the record a demurrer to the complaint filed October 14, 1930, by the defendants named and it does not appear that the trial court ruled on such demurrer, but it is not made to appear by bill of exceptions or otherwise that the trial judge refused to pass upon the demurrer. Where there is copied into the transcript a demurrer to a pleading, but the record fails to show any ruling on it, such demurrer will be treated as abandoned, and consider that issue is joined on such pleading. American Mortg. Co., etc., v. Inzer, 98 Ala. 608, 13 So. 507; Elyton Land Co. v. Morgan & Co., 88 Ala. 435, 7 So. 249. Moreover, if the demurrer had been called to the attention of the court, it could not have availed the defendants anything. The complaint as amended does not disclose a misjoinder of parties defendant and it does state a good cause of action in detinue. Elyton Land Co. v. Morgan & Co., supra.

■ It is also insisted that the trial court committed error in refusing to grant a motion of defendants to transfer this cause to the equity side of the docket. This point has been expressly decided against appellant's contention. The denial of such motion is not reviewable on appeal. Wiggins et al. v. Stewart Bros., 215 Ala. 9, 109 So. 101.

Error is assigned to the action of the court in sustaining plaintiff's demurrers to pleas 2 and 3.

Preceding the filing of pleas 1, 2, 3, 4, 5, 6, and 7, and as a part thereof, defendants filed under authority of Code 1923, § 7400, a suggestion of mortgage indebtedness as follows: "Now comes defendant and suggests to the Court that the instrument to which plaintiff claims title to, or interest in, the Nash Sedan, the property which plaintiff sues to recover in specie, is a chattel mortgage or conditional sale contract, in and by the terms of which the title to said property was reserved by and to the vendor to the said Nash Sedan, and defendant suggests that the Court instruct the jury to ascertain the amount of the mortgage debt, or the balance due, or the unpaid balance of the contract purchase price, or whatever balance there may be due, if any, on said Nash Sedan."

Under the rulings of the court on demurrers filed, there remained, the above suggestion, plea 1, which was the general issue and plea 4.

■ So far as the original action in detinue was concerned, plea 1, being the general issue, puts in issue the plaintiff's right to recover. Ryall v. Pearsall Bros., 148 Ala. 668, 41 So. 673. Other defenses to which defendants were entitled under pleas 2 and 3 were available to them under the suggestion made by them under Code section, supra.

Torbert v. McFarland, 172 Ala. 117, 55 So. 311; Padgett v. Gulfport Fert. Co., 11 Ala. App. 366, 66 So. 866.

■ Plea 7 being a plea in short by consent needs no discussion. The mere fact that such plea was objected to by demurrer or otherwise, renders the plea bad.

■ Pleas 5 and 6 set up certain claims of a breach of warranty in the sale of the car to defendant which she offers first by way of abatement of the purchase money and also claims set-off or recoupment for the amount. Under section 7402, Code 1923, the defendants were entitled to these pleas. It was so held in our own case of Hood v. Jenkins, 16 Ala. App. 180, 75 So. 871, in which Brown, P. J. speaking for the court said: "In addition to the general issue, and a suggestion that the jury ascertain the amount due on the mortgage, defendant, as he had a right to do, pleaded a breach of warranty made by the plaintiff as to the soundness of the mules, the purchase price of which constituted the consideration of the mortgage relied upon by plaintiff." Among other cases relied on as authority for the above is cited Miller v. Johnson, 189 Ala. 354, 66 So. 486; Wertheimer Bag Co. v. Hill, 14 Ala. App. 623, 71 So. 618; Tabor v. Peters, 74 Ala. 90, 49 Am. Rep. 804. It may also be noted that in Torbert v. McFarland, 172 Ala. 117–121, 55 So. 311, 312, Anderson, J. says: "It appears that the court held, in this Hooper Case, supra [Hooper v. Birchfield, 115 Ala. 226, 22 So. 68], that, if the purpose is to show no debt due, 'the facts relied on to this end should be set forth by special pleas.' " So that, the defendant had a right under the statute to file his pleas and the allegations as to misrepresentations by the vendor were sufficient to put the plaintiff to an issue or to a reply. Such was the approved proceeding in Miller v. Johnson, supra, and Somerville, J., in May v. Middleton, 211 Ala. 459, 460, 100 So. 640, 641, speaking of a suggestion under section 7400 of the Code of 1923, says: "Thereupon, the action assumes the character, quoad hoc of an action on a note or other indebtedness," and the plaintiff must prove his case. This he does by introducing the note in evidence, but if he seeks protection against the allegations of the plea by reason of being a bona fide purchaser for value without notice he must set it up by replication. German-American National Bank v. Lewis, 9 Ala. App. 352, 63 So. 741.

■ The only objection to pleas 5 and 6 urged by appellee in his brief is that: "Nowhere in the plea is it made to appear what connection, if any, the appellee herein had with the seller." The short coming does not lie with defendant. She alleges the misrepresentation of the seller and the breach of warranty in the sale and with great particularity sets out each representation and the breach and claims the difference between the amount paid by her and the face of the agreed price. Plaintiff's claim rests on the mortgage or contract and if it would avoid the plea by reason of being an innocent holder it must so plead and furnish the proof to sustain it.

■ Assignments of error relating to rulings on refused charges, excerpts from the oral charge and denial of the motion for a new trial will not be reviewed, in the absence of a bill of exceptions. Clark v. State, 14 Ala. App. 633, 72 So. 291; Hines, etc., v. McMillan, 17 Ala. App. 509, 87 So. 696.

For the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.

Motion to reinstate to the rehearing docket and for an affirmance of the judgment of the Circuit Court.

## PER CURIAM.

In entering a judgment reversing this cause, this court sought to give effect to section 7402 of the Code of 1923, as construed by this court in an opinion rendered by the then Presiding Judge Brown, now Mr. Justice Brown of the Supreme Court, which opinion found support in other decisions of the Supreme Court. Hood v. Jenkins, 16 Ala. App. 180, 75 So. 871. We thought then and think now that some effect should be given to section 7402 of the Code of 1923.

■ On certiorari in this case the Supreme Court points out that the holding while not free from error, was and is error without injury for the reason that the defense set up in defendant's pleas 5 and 6, was available to him under the suggestion authorized by section 7400 of the Code of 1923. And while rather severely criticising the method of pleading, following the language of the elder McClellan in Hooper v. Birchfield, 115 Ala. 226, 22 So. 68, the Supreme Court, speaking through the Chief Justice, while agreeing to the legal principle announced, calls our attention to the law as declared in Torbert v. McFarland, 172 Ala. 117, 55 So. 311, and the suggestion is made that the judgment might have been affirmed under the doctrine of error without injury. The Supreme Court denies the writ, however, upon the ground that as the case was there presented the Supreme Court would not review this court upon the question.

The law requires that the decisions of the Supreme Court and Court of Appeals should be in harmony and that the Supreme Court is the final arbiter. Code 1923, § 7318.

In line with this policy and in accord with the announcement in this case, the cause is restored to the rehearing docket; the application for rehearing is granted and the judgment is affirmed.

Motion granted, cause restored to rehearing docket, rehearing is granted, former judgment of reversal set aside, and judgment is affirmed.