84 So.2d 120

**Ray GILES et al.**

v.

**Taylor WILKINS, as Sheriff, et al.**

I Div. 637.

Supreme Court of Alabama.

Dec. 22, 1955.

Jas. R. Owen, Bay Minette, for appellants.

Withers & Brantley, Bay Minette, and Cecil Chason, Foley, for appellees.

STAKELY, Justice.

This is a suit by Ray Giles and his wife Voncile Giles (appellants) against Taylor Wilkins, as Sheriff of Baldwin County, Alabama and United States Fidelity and Guaranty Company, a corporation, as surety on the Sheriff's Bond (appellees). The action is for damages against the sheriff for an alleged official wrongdoing in failing to return property to Ray Giles and Voncile Giles which had been taken from them under a writ of detinue issued in a previous case brought by S. A. Brown against Ray Giles and Voncile Giles. The basis for the suit is set out in § 920, Title 7, Code of 1940.

The instant case was tried on the issues made by the complaint and the general issue and resulted in a verdict for the defendants. On the trial of the cause Ray Giles and Voncile Giles (appellants) introduced in evidence a certified copy of the summons and complaint in the aforesaid case of S. A. Brown v. Ray Giles and Voncile Giles. Endorsed on that summons and complaint is a return which reads as follows: "Judgment executed by taking into my possession and storing property described within. This 7 day of October, 1953. Taylor Wilkins, Sheriff, by H. F. Hall, Deputy Sheriff." On the summons and complaint is also the following, "We, the jury, find for the plaintiff for the property sued for and fix the alternate value at $2200."

On the trial of the instant case Ray Giles testified that he and his wife Voncile Giles were joint owners of the property involved in the detinue suit. He further testified that the property involved in the detinue suit and which was taken on October 7, 1953, by the Sheriff was never returned to him or to his wife.

Mrs. Alice J. Duck, Clerk of the Circuit Court of Baldwin County, Alabama, testified that the plaintiff S. A. Brown in the original detinue suit referred to above did not file a forthcoming bond within ten days after October 7, 1953.

The testimony of S. A. Brown shows that he filed the suit against Ray Giles and Voncile Giles on the 26th day of September, 1953, that he was the holder of the chattel mortgage covering the machinery, that he instructed a Mr. Willard Barganier to go to the clay pit near Fish River and remove a bulldozer which originally belonged to Mr. Ray Giles, that this was after the suit had been filed and that it was "Okay to get it." Mr. Barganier got the bulldozer in about three weeks or a month. The bulldozer was first carried to a clay pit around Bonsecour and was then removed to his place (the place of S. A. Brown) on Cotton Bayou, that "it was really in bad shape."

The last sentence of § 920, Title 7, Code of 1940, reads as follows: "If the plaintiff fail to give such bond for five days after the expiration of the time allowed the defendant, the property must be returned to the defendant."

The appellants insist that instead of following the statute and returning the property to the appellants the property was later delivered to S. A. Brown, the plaintiff in the detinue suit. The failure to return the property to the appellants here, as provided by the statute, is the misfeasance under § 920, supra, of which the sheriff is alleged to be guilty and for which damages allegedly lie.

There is no doubt that under § 920, Title 7, Code of 1940, it is the duty of the sheriff where he takes property under a writ of seizure, "to hold the property subject to the defendant's right to have it restored upon giving bond within five days. If the defendant failed to give said bond, the sheriff was authorized to deliver it to the plaintiff, if he gave bond within the

succeeding five days; and if the plaintiff failed to give said bond, the property should have been restored to the defendant". Torbert v. McFarland, 172 Ala. 117, 55 So. 311, 313; Burton v. Cefalu, 165 Ala. 362, 51 So. 721; Elrod v. Hamner, 120 Ala. 463, 24 So. 882. Furthermore the return of the sheriff that he has taken possession of the property is conclusive against him. Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304.

In the case at bar tendencies of the evidence showed that when Edleigh Steadham, as Deputy Sheriff, accompanied by H. F. Hall, also a Deputy Sheriff and also by one Charlie Griffin, went to serve the summons and complaint they had a conversation with Ray Giles at his home and asked him where the bulldozer could be found and they were told that it was in a certain clay pit. They then explained to him about making bond and asked him if he wanted to give bond and told him how long he would have in which to make the bond. In reply he said, "he owed more on the bulldozer than it was worth and he was not going to make the bond for it himself and to let him have it." Tendencies of the evidence further show that the bulldozer was bulky and the bulldozer was not moved from the place where it was originally located when seized and while no notice was placed on the machine, the deputies considered that the machine was under attachment.

■ We know of no reason why the appellants could not abandon their rights to the bulldozer or waive the right to restoration provided in § 920. If so, there was no need for the sheriff to return the property to them. In the case of Willoughby v. Jernigan, 6 Ala.App. 270, 60 So. 514, the evidence tended to show that the property seized by the sheriff under the writ of detinue was bulky, cumbersome and quite heavy and practically all of it was situated in the same place where it had been ever since the original suit was commenced. According to the tendencies of evidence, a deputy sheriff went to the home of the defendant and informed him that they wanted to return the property to him and wanted to know at what point he desired the property delivered. They were told by the defendant that he would not receive the property no matter where it was delivered. The court held that under the circumstances the offer to deliver and refusal to receive dispensed with the duty of doing that which would have been a useless formality, that is of making an actual tender of the heavy or cumbersome property after being informed that it would not be received if tendered. While the cases are not exactly similar, the foregoing authority shows that the sheriff is not required to go through a useless formality when the defendant abandons his rights to the property. Certainly appellants could waive the right to restoration of the property conferred by the statute. 92 C.J.S. pp. 1066–1067.

■ We, therefore, find no error in the action of the court in submitting to the jury the question in substance as to whether or not the appellants by their conduct and words waived and abandoned their right to the property, nor was there any error in admitting proof of the statements claimed to have been made by Ray Giles.

■ It is insisted that whatever may have been said to the sheriff by Ray Giles, Voncile Giles, his wife, had nothing to do with the matter and therefore the court was in error in submitting the case to the jury so far as she is concerned. There was no separate assignment of error by Voncile Giles. All the assignments of error which are insisted on here are made jointly in behalf of Ray Giles and Voncile Giles. Since the assignments of error are not good as to Ray Giles we will not consider the situation with reference to Voncile Giles. Maya Corporation v. Smith, 240 Ala. 371, 199 So. 549; Fields v. Southeastern Fuel Co., 233 Ala. 437, 172 So. 257.

The judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.